# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00217-CV

**Sarah Mangham, Appellant**

**v.**

**YMCA of Austin, Texas-Hays Communities, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-10-003265, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## O P I N I O N

Sarah Mangham appeals the trial court's order granting summary judgment in favor of YMCA of Austin, Texas-Hays Communities on premises liability and negligence claims arising from her fall in a step aerobics class. Mangham argues the trial court erred by implicitly denying her request for a spoliation presumption and by granting YMCA's motion for summary judgment. We will affirm the trial court's order.

## BACKGROUND

Mangham's pleadings alleged that she sustained injury during a YMCA step-aerobics class when a misaligned aerobics step came out from under her and caused her to fall. In her deposition, Mangham testified that she picked out and assembled the components of the step before class and saw nothing wrong with them. Although this was her first class, she assembled the step herself without asking for any instructions and was "fairly certain" that she had set it up correctly.

Mangham then began using the step in the area she chose, a back corner of the room. A few minutes into the class, Mangham fell backward while stepping onto the step. The instructor asked if Mangham was okay, and Mangham affirmed she was. After reassembly of the same step, Mangham continued participating in the class for several minutes without incident, saying later that the reassembled step felt the same as it did when she used it before she fell. Mangham eventually decided to stop, pick up the step, and put it away before she walked out of class and left the YMCA.

Three days after she fell, Mangham notified YMCA of her injury but denied wanting "anything to come of it." Nevertheless, Mangham later sued YMCA for premises liability and negligence, alleging that the step was "misaligned" and "came out from under [her]," causing her fall. In her deposition, however, Mangham admitted not knowing why she fell at the YMCA that day, testifying "I do not know. . . not a clue." Mangham's pleadings claimed YMCA was negligent in its: (1) maintenance and operation of its premises and equipment, (2) failure to properly and adequately warn about the dangers inherent in its premises and equipment, and (3) failure to properly and adequately supervise the usage of its premises and equipment. In an amended pleading, Mangham added allegations that YMCA failed to preserve the step and its spoliation of that evidence prejudiced her ability to present her claims.

YMCA subsequently filed motions for no-evidence and traditional summary judgment. The no-evidence motion argued Mangham had no evidence as to each element of her premises liability and negligence claims, and the traditional motion challenged the causation element of those claims. Mangham's responses[1] to the summary judgment argued that YMCA had a duty

---

[1] Mangham filed a response and a supplemental response after the hearing with the court's permission.

to inspect its premises and equipment, did not know the condition of the step, did not instruct class participants about use of the step, and did not inform them of the step's 200 pound weight limitation. Mangham also argued that YMCA was not entitled to summary judgment because it spoliated evidence by failing to preserve the step. The trial court granted YMCA's summary judgment without specifying between the no-evidence and traditional motions, and this appeal followed.

## DISCUSSION

We review a trial court's grant of summary judgment de novo. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215-16. In reviewing a summary judgment, we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving doubt in favor of the non-movant. *Knott*, 128 S.W.3d at 216. When the trial court does not specify its basis for granting summary judgment, we affirm the judgment if any of the grounds asserted in the motion have merit. *Western Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). If a movant files both a traditional and a no-evidence summary judgment motion and the trial court's order does not specify under which standard summary judgment was granted, we first review summary judgment under the no-evidence standard. *See* Tex. R. Civ. P. 166a(c), (i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). Should we determine summary judgment was appropriate under the no-evidence standard, we need not reach argument under the traditional summary judgment motion. *Id.*

We review a no-evidence summary judgment under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003) ("A no-evidence summary judgment

is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict."). A no-evidence summary judgment will be sustained when: "(a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of a vital fact." *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). More than a scintilla of evidence means evidence "ris[ing] to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* at 742. Less than a scintilla of evidence exists when evidence is "so weak as to do no more than create a mere surmise or suspicion" of fact. *Id*.

**No-evidence summary judgment**

Because the trial court did not specify the basis for its ruling on the summary judgment, we begin with YMCA's no-evidence summary judgment and review its legal sufficiency. *See* Tex. R. Civ. P. 166a(c), (i); *Ridgway*, 135 S.W.3d at 600. Mangham pleaded that YMCA was was negligent in failing to properly and adequately warn about the dangers inherent in its premises and equipment and was negligent in its maintenance and operation of its premises and equipment, i.e., the allegedly defective step.[2]

---

[2] Mangham also argued the placement of free weights or dumbbells beside the step constituted part of a dangerous condition that YMCA knew or should have known posed an unreasonable risk of harm. However, the only dangerous condition alleged in Mangham's pleadings was the misaligned step; there is no reference to free weights or dumbbells.

*Premises liability*

YMCA's no-evidence summary judgment motion argued that Mangham failed to provide evidence as to each element of her premises liability claim. In a premises liability action, the duty owed by a premises owner depends on the plaintiff's status. *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009) (per curiam). An invitee asserting a premises liability claim must prove: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injury. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

As an invitee, Mangham had to show as a threshold element of her claim that YMCA knew, or after reasonable inspection should have known, of an unreasonably dangerous condition on its premises. *See Urena*, 162 S.W.3d at 550. A condition is unreasonably dangerous if it presents an unreasonable risk of harm. *Brinson Ford, Inc., v. Alger*, 228 S.W.3d 161, 163 (Tex. 2007). Considering this record in the light most favorable to Mangham, there is no evidence creating a genuine issue of material fact that YMCA knew or should have known there was a problem with her step. In fact, Mangham saw nothing wrong with her step when she chose it, nor when she assembled it, nor when she used it again after her fall. She admitted she had "no clue" why she fell.

Mangham's claims also require her to produce evidence of the existence of an unreasonably dangerous condition, but Mangham's unsupported allegations of the step's defective condition fail to implicate an unreasonably dangerous condition. *See CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 101 (Tex. 2000) (noting there was no evidence that step and platform unit on which

claimant was injured was dangerous condition from inception of its use and owner's general knowledge that materials "will, over time, deteriorate and require repair or replacement" does not necessarily mean owner created or had knowledge of dangerous condition); *see also Howard v. Harrell*, No. 07-08-0013-CV, 2009 Tex. App. LEXIS 2322, at *14 (Tex. App.—Amarillo Mar. 31, 2009, no pet.) (mem. op.) (claimant's allegations that were unsupported by facts did not enable court to assess whether premises created unreasonable risk of harm). Mangham concludes that the step must have been defective because "if everything is as it should be, the step does not slip"—but her fall does not itself constitute evidence of an unreasonably dangerous condition, and a premises owner is not strictly liable for conditions that result in injury. *See CMH Homes*, 15 S.W.3d at 101-02; *see also Bostick v. Metro Nat'l Corp.*, No. 14-04 -00663-CV, 2005 Tex. App. LEXIS 6584, at *10 (Tex. App.—Houston [14th Dist.] Aug. 18, 2005, no pet.) (mem. op.) (concluding that claimant failed to produce evidence to defeat no-evidence summary judgment and rejecting inference that claimant's injuries were caused by dangerous condition merely because claimant fell).

To support her premises liability claim, Mangham must also bring forth evidence that YMCA did not exercise reasonable care to reduce or eliminate the risk and that the lack of such care proximately caused her injury. *CMH Homes*, 15 S.W.3d at 99. YMCA's no-evidence motion for summary judgment asserts that Mangham has produced no evidence on these elements. Even assuming Mangham had produced evidence of an unreasonably dangerous condition of which the YMCA knew or should have known, there is no evidence in the record that YMCA failed to exercise reasonable care.

Although Mangham argued that the duty of reasonable care included a duty to inspect and "no one admitted it was his responsibility for inspecting the equipment," the record

does not reflect that Mangham conducted any discovery directed to YMCA's maintenance staff or about YMCA's inspection procedures despite an adequate time to do so. There is no evidence in the record that YMCA failed to inspect the step as frequently as it reasonably should or that such reasonable inspection would have revealed an unreasonably dangerous condition. *See id.* at 102. Further, Mangham produced no evidence that any defect in her step existed for a sufficient time that YMCA had constructive notice of an unreasonable risk of harm. *See id.* Nor is there evidence that YMCA's alleged failure to exercise reasonable care proximately caused Mangham's injury. *See Hopper v. J.C. Penney Co.*, 371 S.W.2d 750, 752 (Tex. Civ. App.—Fort Worth 1963, writ ref'd n.r.e.) (holding that where appellant testified she did not know what caused her fall, her evidence proved only fact of her accident, not its cause).

Based on this record, considered in the light most favorable to Mangham as nonmovant, we conclude that Mangham did not meet her burden of presenting summary judgment evidence creating a genuine issue of material fact as to each element of her premises liability claim.

### *Negligence*

In addition to her premises-liability claim, Mangham pleaded that YMCA was negligent in failing to properly and adequately supervise the use of its premises and equipment. Specifically, Mangham argues that YMCA's failure to instruct her about set-up or use of the step and failure to inform her of the step's 200-pound weight limitation are "acts that can be construed as negligent." YMCA's no-evidence summary judgment motion argued that Mangham failed to provide evidence as to each element of her negligence claim.

A litigant may maintain causes of action for both general negligence and premises liability, *see Urena*, 162 S.W.3d at 550, but under the general-negligence theory of recovery,

7

the claimant's injury must result from the defendant's contemporaneous activity. *Somoza v. Rough Hollow Yacht Club, Ltd.*, No. 03-09-00308-CV, 2010 Tex. App. LEXIS 5796, at *12 (Tex. App.—Austin July 20, 2010, no pet.) (mem. op.) (citing *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)). Negligent activity and premises liability are both within the scope of negligence, but "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010); *see also Taylor v. Louis*, 349 S.W.3d 729, 738 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (noting that duty, breach, and proximate cause are elements of negligent-activity claims); *see also State v. San Miguel*, 981 S.W.2d 342, 347-48 (Tex. App.—Houston [14th Dist.] 1998), *rev'd on other grounds*, 2 S.W.3d 249 (Tex. 1999) (stating that claimant is entitled to general negligence charge in negligent-activity case). Essential to any recovery on a negligent-activity theory is a showing that the person has been injured "by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch*, 845 S.W.2d at 264.

Mangham's allegations about the YMCA's omission of instruction about set-up or use of the step and the step's 200-pound weight limitation are not complaints about YMCA's ongoing activity. *See Del Lago Partners*, 307 S.W.3d at 776 (stating negligent activity encompasses malfeasance theory based on affirmative, contemporaneous conduct by owner that caused injury). Considering the record in the light most favorable to Mangham as nonmovant, there is no evidence that Mangham was injured by or as a result of some affirmative, contemporaneous activity by YMCA. *See id.*; *see also Keetch*, 845 S.W.2d at 264 (concluding negligent-activity theory was

8

inapplicable because claimant who fell was not injured by activity of plant spraying, but as result of floor's slippery condition created after spraying).

Further, Mangham produced no evidence supporting the element of proximate cause. Proximate cause consists of both foreseeability and cause-in-fact, neither of which may be established by mere conjecture, guess, or speculation. *Urena*, 162 S.W.3d at 551. The test for cause-in-fact is whether the negligent act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred. *Id.* Mangham has not produced evidence tending to show that "but for" the YMCA's omission of information about the step's assembly and weight limit, she would not have fallen and sustained injury. Rather, despite her allegation of the step's misalignment, Mangham testified she does not know what caused her fall. On this record, we cannot conclude that Mangham met her burden of presenting summary-judgment evidence creating a genuine issue of material fact as to the element of proximate cause for her negligent-activity claim. *See Keetch*, 845 S.W.2d at 264.

Because Mangham failed to produce evidence raising a genuine issue of material fact on essential elements of her premises liability and negligence claims against YMCA, we conclude that the trial court did not err by granting YMCA's summary judgment, and we overrule her issue challenging the trial court's grant of a no-evidence summary judgment.

**Spoliation**

Mangham also alleged that YMCA failed to preserve the aerobics step in question and that spoliation of the step prejudiced her ability to present her claims. She complains that neither of the YMCA's motions for summary judgment address this "spoliation claim." However, spoliation is not a claim, i.e., an independent cause of action giving rise to damages. *Trevino v. Ortega*,

9

969 S.W.2d 950, 951 (Tex. 1998). Rather, spoliation is a remedy for improper conduct in the discovery context that "should properly be rectified within the context of the lawsuit." *Offshore Pipelines, Inc. v. Schooley*, 984 S.W.2d 654, 666 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (citing *Trevino*, 969 S.W.2d at 953). A spoliation instruction, which directs a jury to draw a presumption or inference that the destroyed evidence would not have been favorable to its destroyer, is appropriate when a party has deliberately destroyed evidence or has failed to either produce or explain the evidence's nonproduction. *Wal-Mart Stores, Inc. v. Johnson*, 106 S.W.3d 718, 721-22 (Tex. 2003). In determining whether a spoliation instruction is justified, a trial court considers: (1) whether there was a duty to preserve the evidence; (2) whether the alleged spoliator breached this duty; and (3) whether the spoliation prejudiced the non-spoliator's ability to present its case or defense. *Trevino*, 969 S.W.2d at 954-55.

The law regarding spoliation as a jury presumption is well settled. However, in the summary-judgment context, where there is no jury to instruct, and judges are already bound to view evidence in a light most favorable to nonmovants and resolve doubts in their favor, the proper remedy for spoliation is more complex. Several other Texas appellate courts have held that when the nonmovant raises a spoliation issue and the trial court grants summary judgment, we are to presume that the trial court considered and rejected the request for a spoliation "instruction." *See, e.g.*, *Clark v. Randall's Food*, 317 S.W.3d 351, 356 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Adobe Land Corp. v. Griffin, L.L.C.*, 236 S.W.3d 351, 356-57 (Tex. App.—Fort Worth 2007, pet. denied); *Aguirre v. South Tex. Blood & Tissue Ctr.*, 2 S.W.3d 454, 457 (Tex. App.—San Antonio 1999, pet. denied). It is reasonable to presume that the trial court has rejected a spoliation issue where the summary judgment could have been granted only on elements affected by the

10

allegedly spoliated evidence, i.e., where the spoliated evidence could have created a genuine issue of material fact or provided more than a scintilla of evidence on each element on which the summary-judgment motion was based. However, we are not inclined to presume the trial court considered and rejected a spoliation argument in every grant of summary judgment, as this would ignore the possibility that the summary judgment was justified on grounds or in reliance on elements unaffected by the allegedly spoliated evidence.

For example, in the instant case, a spoliation presumption, if granted, would require the judge to presume that the condition of the aerobics step, if available as evidence, would be unfavorable to YMCA, i.e., would display some defect or unreasonably dangerous condition. Even with that presumption, however, Mangham must still produce more than a scintilla of evidence to raise a genuine issue of material fact on the remaining elements of her premises liability and negligence claims, many of which are arguably unaffected by a presumption that the step presented a dangerous condition. For example, as to her premises claim, Mangham must produce evidence of not just a defect but also YMCA's actual or constructive knowledge of the condition, failure to exercise reasonable care to remedy the condition, and evidence that such failure by YMCA proximately caused her injury. Likewise, Mangham's negligence claims require her to raise a genuine issue of material fact as to duty, breach, and proximate cause in order to withstand a no-evidence summary judgment. The presumption of a defect in the step does not automatically raise a fact issue on each of these essential elements.

Moreover, even if we presume the trial court rejected Mangham's request for a spoliation presumption, such denial would not be error on these facts. We review the denial of a spoliation instruction for an abuse of discretion and reverse only if the trial court's denial of

11

the instruction was arbitrary or unreasonable. *Trevino*, 969 S.W.2d at 953. The spoliation inquiry begins with the issue of duty, because "[b]efore any failure to produce material evidence may be viewed as discovery abuse, the opposing party must establish that the non-producing party had a duty to preserve the evidence in question." *Wal-Mart Stores*, 106 S.W.3d at 722. A duty arises "only when a party knows or reasonably should know that there is a substantial chance that a claim will be filed and that evidence in its possession or control will be material and relevant to that claim." *Id*.; *see Adobe Land*, 236 S.W.3d at 359 (stating "it was the filing of the original petition that put [defendant] on notice"); *see also National Tank Co. v. Brotherton*, 851 S.W.2d 193, 204 (Tex. 1993) (providing objective test to determine when litigation may reasonably be anticipated).

Here, Mangham was not entitled to a "spoliation presumption" because she has not established that YMCA intentionally or negligently discarded or destroyed the step. *See Wal-Mart Stores*, 106 S.W.3d at 721-22. And even if it could be argued that the step was "destroyed," such "destruction was beyond the spoliator's [YMCA's] control" on this record. Mangham testified that she picked up her step after her fall and put it away before she left class, making that particular step unidentifiable from the stack of other identical equipment. *See Wal-Mart Stores*, 106 S.W.3d at 721; *Trevino*, 969 S.W.2d at 957 (Baker, J., concurring) ("A spoliator can defend against an assertion of negligent or intentional destruction by providing other explanations for the destruction.").

Further, there is nothing in this record to suggest that YMCA had any duty to preserve the step. The record shows the circumstances surrounding Mangham's fall—such as her confirmation to the instructor that she was "okay" after the fall and continuing to participate in the class—did not give YMCA notice that Mangham was injured before she put away the step. Although Mangham notified YMCA three days later that she was injured, she also told them she

12

did not want anything to come of it. As such, YMCA did not know or have reason to know that there was a "substantial chance" she would file a claim relating to the aerobic step. *See Wal-Mart Stores*, 106 S.W.3d at 722. The record shows Mangham did not establish entitlement to her requested spoliation presumption and additionally that YMCA had no duty to preserve evidence. *See id.* Thus, the trial court did not abuse its discretion even if we presume it implicitly denied Mangham's requested spoliation presumption, and we overrule Mangham's issue asserting spoliation.[3]

## CONCLUSION

Having overruled Mangham's issues on appeal, we affirm the trial court's order.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed: August 28, 2013

_____

[3] Because our resolution of Mangham's challenge to the no-evidence summary judgment is dispositive of this appeal, we need not reach her challenge to the traditional motion for summary judgment. *See* Tex. R. App. P. 47.1.

13