# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00714-CV

**Linda Jane Cox, Appellant**

**v.**

**H.E.B. Grocery, L.P., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-13-000146, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Linda Jane Cox appeals the trial court's summary judgment in favor of H.E.B. Grocery, L.P. in this case arising out of a slip-and-fall incident. Cox sued H.E.B. asserting a cause of action for premises liability, and H.E.B. filed motions seeking both a no-evidence and a traditional summary judgment. Because we conclude that the trial court properly granted H.E.B.'s no-evidence summary judgment motion, we affirm.

## BACKGROUND

On the evening of August 8, 2012, Cox was shopping in the H.E.B. on Riverside Drive in Austin. When she reached the wine and beer section of the store, she slipped and fell, injuring herself. An H.E.B. employee promptly came to Cox's aid, and store manager Matt Gentry arrived within a few minutes of the fall. At some point, Cox and Gentry noticed a piece of peach on the floor in the area where Cox fell.

Cox filed suit asserting a single cause of action for premises liability. H.E.B. entered an answer and subsequently filed simultaneous motions for traditional summary judgment and no-evidence summary judgment, including, as support, excerpts from Cox's deposition and her original petition. In Cox's response to the motions for summary judgment, she asserted that a genuine issue of material fact existed as to whether H.E.B. had actual or constructive knowledge of the piece of peach on the floor. Cox provided evidentiary support in the form of the original video recording of her fall from the in-store camera, still photographs from the video, and H.E.B. incident reports and records. Following a hearing, the trial court granted H.E.B.'s motion without stating the basis for its ruling. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Nathan v. Whittington*, 408 S.W.3d 870, 872 (Tex. 2013) (per curiam). When the trial court does not specify the grounds for granting the summary judgment, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex 2003). When a party files both traditional and no-evidence motions, we first review the trial court's decision under the no-evidence standard. *See* Tex. R. Civ. P. 166a(i); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). If an appellate court determines that the no-evidence summary judgment was properly granted, it does not reach arguments under the traditional motion for summary judgment. *Merriman*, 407 S.W.3d at 248; *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Mangham v. YMCA of Austin*, 408 S.W.3d 923, 926 (Tex. App.—Austin 2013, no pet.).

2

A movant seeking a no-evidence summary judgment motion must assert that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.— Houston [1st Dist.] 2009, pet. denied); *Rodriguez v. Reed*, No. 03-11-00523-CV, 2013 WL 3186191, at *2, (Tex. App.—Austin June 19, 2013, no pet.) (mem. op.). Once the motion is filed, the burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A no-evidence motion should be granted "when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960))).

### NO-EVIDENCE SUMMARY JUDGMENT MOTION

We begin with H.E.B.'s no-evidence motion for summary judgment. Tex. R. Civ. P. 166a(i); *Merriman*, 407 S.W.3d at 248. In two issues, Cox argues that there was more than a scintilla of evidence that H.E.B. had a reasonable time to discover and eliminate the dangerous condition created by the piece of peach. In a premises liability action, the duty owed by a premises owner depends on the plaintiff's status. *Mangham*, 408 S.W.3d at 927 (citing *Fort Brown Villas III*

3

*Condo Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009) (per curiam)). A premises owner owes an invitee a duty to exercise ordinary care to protect her from dangerous conditions that were known or reasonably discoverable, but the owner is not the insurer of the invitee's safety. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998); *Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 165 (Tex. App.—Texarkana 1998, no pet.). An invitee must show (1) actual or constructive knowledge of some condition on the premises by the owner/operator, (2) the condition posed an unreasonable risk of harm, (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injury. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Mangham*, 408 S.W.3d at 927.

The threshold question is whether the premises owner had actual or constructive knowledge of the dangerous condition. *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996) (per curiam); *Gillespie v. Kroger Tex., L.P.*, 415 S.W.3d 589, 592 (Tex. App.—Dallas 2013, pet. denied). This notice element is satisfied by establishing that (1) the premises owner placed a substance on the floor, (2) the premises owner actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Reece*, 81 S.W.3d at 814 (citing *Keetch*, 845 S.W.2d at 264); *Gonzalez*, 968 S.W.2d 934, 936 (same).

The central issue in this case is whether H.E.B. had constructive notice of the peach piece that was the direct cause of the slip. Cox does not assert that H.E.B. created the dangerous condition and concedes that H.E.B. had no actual knowledge that the peach piece was on the floor

4

at any time before the slip. Cox relies on the third prong of the *Keetch* test—that the dangerous condition had been present long enough for a reasonable premises owner to have discovered the condition. This "time-notice rule" requires evidence of the length of time the unreasonably dangerous condition existed prior to the injury-causing event.[1] *Reece*, 81 S.W.3d at 816; *Richardson*, 963 S.W.2d at 166; *Hayes v. Vista Host, Inc.*, 03-08-00053-CV, 2009 WL 722288, at *4 (Tex. App.—Austin Mar. 20, 2009, no pet.) (mem. op.). "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816. Circumstantial evidence from which equally plausible but opposite inferences could be drawn is merely speculative and, therefore, legally insufficient to support a finding. *Gonzalez*, 968 S.W.2d at 936 (citing *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997); *Fifty-Six Thousand Seven Hundred Dollars in U.S. Currency v. State*, 730 S.W.2d 659, 662 (Tex. 1987); *Litton Indus. Prods., Inc. v. Gammage*, 668 S.W.2d 319, 324 (Tex. 1984); *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993) ("We are not empowered to convert mere suspicion or surmise into some evidence.")).

Cox argues that it is undisputed that the dangerous condition created by the peach piece was present at the moment of the fall, 9:18 p.m., and that video evidence shows that the dangerous condition was not created between 8:55 p.m. and 9:18 p.m. Thus, she contends that

---

[1] This rule is based on the principle that it would be unjust to hold the premises owner liable for the carelessness of a person that the owner does not control unless he had a reasonable opportunity to know that the dangerous condition existed and is "firmly rooted in our jurisprudence." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002) (citing *F.W. Woolworth Co. v. Goldston*, 155 S.W.2d 830, 832 (Tex. Civ. App.—Amarillo 1941, writ ref'd w.o.m.); *Lone Star Gas Co. v. Ballard*, 138 S.W.2d 633, 634–35 (Tex. Civ. App.—Fort Worth 1940, writ ref'd)).

H.E.B. had a reasonable time to discover and remove the piece of peach. However, the poor quality of the video recording precludes any conclusion from the video alone that the peach piece was ever on the floor. Moments before the event, no peach piece can be seen in the video, and even after the fall, no peach piece is visible on the tape. Because there is no video image at any time of the peach piece on the floor, the video is no evidence of how long the piece of peach was on the floor. Therefore, the assertion that the dangerous condition had to exist before the video evidence began is merely speculative, and the video is legally insufficient to constitute competent summary judgment proof of how long the piece of peach was on the floor. *See Gonzales*, 968 S.W.2d at 936.

Cox presented no other proof from which a factfinder could draw a reasonable inference as to how long the peach piece was on the floor. For instance, she presented no deposition testimony or affidavits establishing that anyone saw the peach piece on the floor before the fall. With no evidence as to the length of time the peach piece was on the floor, there is no basis upon which a factfinder could assess the opportunity H.E.B. had to discover and remove it. *See Reece*, 81 S.W.3d at 816 ("employee's proximity, with no evidence indicating how long hazard was there, merely indicates that it was *possible* for premises owner to discover condition, not that premises owner reasonably *should* have discovered it"); *Gonzalez*, 968 S.W.2d at 937–38 (testimony that macaroni salad had "been there awhile" was mere speculation and of no evidentiary value when witnesses had not seen salad prior to fall and had no personal knowledge of how long it had been on floor); *Cooper v. Brookshire Grocery Co.*, 551 S.W.2d 175, 176 (Tex. Civ. App.—Texarkana 1977, no writ) (where plaintiff slipped on strawberry but produced no evidence of how long hazard was on floor, she failed to show constructive notice); *Coburn v. Toys "R" Us-Del., Inc.*,

6

No. 01-09-00871-CV, 2011 WL 345936, at *5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2011, no pet.) (mem. op.) (plaintiff who presented no evidence as to how long puddle had been on floor failed to raise fact issue as to constructive knowledge); *Brookshire Bros., Ltd. v. Wilkes*, No. 09-04-00096-CV, 2004 WL 2610454, at *2–3 (Tex. App.—Beaumont Nov. 18, 2004, no pet.) (mem. op.) (witness's testimony that he had been at store café for twenty-five minutes and had seen no spill was evidence that eggs *could* have been on floor for twenty-five minutes, not that they *were* on floor that long, and did not establish constructive notice of hazard).[2] On this record, it is equally probable that the peach piece was on the floor for two minutes or two hours. Without more to permit a factfinder to choose among these alternative inferences, there is no evidence in the record, either direct or circumstantial, that would allow a factfinder to infer that the peach piece was on the floor long enough to charge H.E.B. with notice of it. *See Reece*, 81 S.W.3d at 816.

Consequently, we conclude that Cox has not met her burden to present evidence raising a genuine issue of material fact that H.E.B. had constructive knowledge of the hazard, and we overrule Cox's issues. Because we conclude that the trial court properly granted H.E.B.'s no-evidence motion for summary judgment, we need not address Cox's challenges to the trial court's

---

[2] Cox is not required to prove exactly when the peach piece was put on the floor but that it had been there long enough that H.E.B. could have discovered and removed it. Constructive notice can be proven by the quality of the substance on the floor. *See Kroger Stores, Inc. v. Hernandez*, 549 S.W.2d 16, 17 (Tex. Civ. App.—Dallas 1977, no writ) (plaintiff's undisputed testimony that vomit was "already dried where it looks like a cake" sufficient to prove constructive notice); *Furr's Inc. v. Bolton*, 333 S.W.2d 688, 690 (Tex. Civ. App.—El Paso 1960, no writ) (testimony of grape juice having dried around edges sufficient to establish constructive notice). Cox presented no evidence that the piece of peach was dried, hardened, or otherwise appeared to have been on the floor long enough to have been discovered and removed.

ruling on H.E.B.'s traditional motion for summary judgment. *Merriman*, 407 S.W.3d at 248; *Ridgway*, 135 S.W.3d at 600.

## CONCLUSION

For these reasons, we affirm.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: August 27, 2014