**Pamela Fay BRITTON, Plaintiff,**

**v.**

**HOME DEPOT U.S.A.,
INC., Defendants.**

**CIVIL ACTION NO. 3:14-CV-317**

United States District Court,
S.D. Texas, Galveston Division.

Filed 03/09/2016

Signed March 10, 2016

Pamela Fay Britton, League City, TX, pro se.

Arthur K. Smith, III, Law Offices of Arthur K. Smith PC, Allen, TX, for Defendant.

**JURY**

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GEORGE C. HANKS, JR., UNITED STATES DISTRICT JUDGE

On August 27, 2014, Plaintiff Pamela Fay Britton filed a lawsuit against Home Depot U.S.A., Inc. ("Home Depot") in the 412th District Court of Brazoria County,

Texas. Britton contends that she was injured while she was visiting a Home Depot store in Pearland, Texas. Britton alleges that she "suffered injuries to her left toe, namely a fracture as [she] attempted to pass a store display to enter into the area designated for checkout ...", and she sought damages for past and future medical care, pain and suffering, physical impairment, loss of household services, mental anguish, and fear of disease. Dkt. 1-3. On September 26, 2014, Home Depot removed the suit to this Court, on the grounds that the parties were citizens of different states and the amount in controversy was greater than $75,000. Dkt. 1. One month later, on October 23, 2014, Britton's attorney filed a motion to withdraw as counsel. Dkt. 5. The parties filed a Joint Discovery Case Management Plan laying out their proposed discovery, including interrogatories, depositions, and other written discovery. Dkt 6.

On January 14, 2015, the motion to withdraw was granted, and Britton proceeded in this case *pro se*. Dkt. 10. That same day, a scheduling order was entered setting a discovery cut-off date of October 5, 2015. Dkt. 9.

Five months later, in June 2015, Home Depot filed a motion for summary judgment. Dkt. 12. Home Depot's motion alleges that Britton has no evidence to support her claims that the display posed an unreasonable risk of harm, and there is likewise no evidence that Home Depot knew or should have known that the display posed an unreasonable risk of harm. Although Home Depot's motion has now been on file for several months, no response has been filed by Britton. According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. Similarly, Britton has not filed a request to extend the time for submission of the motion for summary judgment, nor has she contended that any additional discovery is necessary.

## SUMMARY JUDGMENT STANDARD

Home Depot's motion is governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

"A court considering a motion for summary judgment must consider all facts and evidence in the light most favorable to the nonmoving party." *Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir.2013). "However, to avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir.2007). The nonmoving party must "articulate the precise manner in which the submitted or identified evidence supports his or her claim" to survive summary judgment. *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 273 (5th Cir.2009) (citation omitted).

In reviewing the summary judgment evidence, "the court ... may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075–76 (5th Cir.1994) (en banc, per curiam). "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Id.* (emphasis in original) (citation omitted). "If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted." *Id.*

■ Generally, the courts liberally construe the pleadings of a pro se plaintiff. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir.1981). "Courts construe pleadings filed by pro se litigants under a less stringent standard than those filed by attorneys." *White v. Briones,* No. H–09–2734, 2011 WL 66134, at *3 (S.D.Tex. Jan. 7, 2011) (Rosenthal, J.) (citing *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). However, "pro se parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Id.* (quoting *Ogbodiegwu v. Wackenhut Corr. Corp.,* 202 F.3d 265 (5th Cir.1999) (per curiam) (unpublished table decision)). Accordingly, courts have no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.,* 465 F.3d 156, 164 (5th Cir.2006). Where a nonmovant wholly fails to file a response to a summary judgment motion, "summary judgment cannot be granted by default," and the court must instead apply the principles outlined above to determine whether the movant has carried its burden under the Rules. Fed. R. Civ. P. 56 committee's note, 2010 Amendments, Subdivision (e).

## PREMISES LIABILITY CLAIMS

■ "Premises liability is a special form of negligence where the duty owed to the plaintiff depends upon the status of the plaintiff at the time the incident occurred." *Western Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005). Britton's petition alleges that she was an invitee and patron of Home Depot at the time of her injury. Dkt. 1-3. A premises owner owes invitees "a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known." *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 767 (Tex.2010); *see also Sizemore v. Wal–Mart Stores, Inc.,* No. H–05–1589, 2006 WL 1698291, at *2 (S.D.Tex. June 16, 2006) ("Plaintiff, as a shopper at Wal-Mart, was a business invitee to whom Wal-Mart owed a duty to exercise reasonable care to protect her from dangerous store conditions known or discoverable to Wal-Mart.") (citations omitted).

■ "The duty owed by an owner or occupier of premises to an invitee is not that of an insurer." *CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 101 (Tex.2000). In *CMH Homes,* the Texas Supreme Court repeated, "as we have said in many cases, that when the injured party is an invitee, . . . the elements of a premises claim are: (1) Actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) That the condition posed an unreasonable risk of harm; (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury." *Id.* at 99–100 (citing *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 296 (Tex.1983), *Wal–Mart Stores, Inc. v. Gonzalez,* 968 S.W.2d 934, 936 (Tex. 1998); *Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex.1996); *Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex.1992); and

Restatement (Second) of Torts § 343 (1965)).

Home Depot's motion for summary alleges that there is no evidence that the display posed an unreasonable risk of harm, and there is no evidence that Home Depot knew or should have known that the display posed an unreasonable risk of harm. Home Depot does not present any evidence to support its motion—instead, Home Depot seeks to shift the burden to Britton to produce evidence supporting her claims.

As noted above, Britton has not responded to Home Depot's motion, even though months have passed. Rule 56 specifically provides that a party opposing summary judgment must support their argument by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...." Fed. R. Civ. P. 56(c)(1)(A). In other words, "[t]o withstand a properly supported motion for summary judgment, the nonmoving party must come forward with evidence to support the essential elements of [her] claim on which [she] bears the burden of proof at trial." *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir.1994). "[U]nsubstantiated assertions . . . do not adequately substitute for specific facts showing a genuine issue for trial," *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir.2002), and a plaintiff may not rest on the allegations of her complaint. *Nat'l Ass'n*, 40 F.3d at 713.

### 1. Is there a genuine dispute as to whether the display was a condition that posed an unreasonable risk of harm?

■ Under Texas law, a condition poses an unreasonable risk of harm "when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex.2002) (quoting *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex.1970)). Foreseeability in this context "does not require that the exact sequence of events that produced an injury be foreseeable." *Id.* Instead, only the general damage must be foreseeable. *Id.*

As Texas courts have noted, "[t]he determination of whether a particular condition poses an unreasonable risk of harm is generally fact specific." *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 646 (Tex.App.—Houston [1st Dist.] 2005). But when a plaintiff presents no evidence to support its claim that a condition poses an unreasonable risk of harm, Texas courts have also found that summary judgment may be proper. *See, e.g., Martin v. Chick-Fil-A*, 14-13-00025-CV, 2014 WL 465851, at *3 (Tex.App.—Houston [14th Dist.] Feb. 4, 2014, no pet.) (finding that plaintiff "effectively presented no evidence" to show parking block over which he tripped posed an unreasonable risk of harm, and granting summary judgment for premises owner, but noting "[t]his determination, however, must be made on a case-by-case basis.") (citations omitted); *Lofton v. Marmaxx Operating Corp.*, No. 01-06-01109-CV, 2008 WL 525678, at *3 (Tex.App.—Houston [1st Dist.] Feb. 28, 2008, no pet.) (finding summary judgment proper on issue of whether mat was unreasonably dangerous where no evidence showed store had received prior complaints that anyone had previously tripped on the mat, that the mat had any defects, that the type of mat was unusual, or that its particular construction and placement should have suggested to store

owner that mat presented a prohibitive degree of danger); *Gaines v. EG & G Tech. Services, Inc.*, No. EP–04–CA–0341–FM, 2005 WL 3132478, at *3 (W.D.Tex. Nov. 18, 2005) (granting summary judgment for defendant on premises liability claims where pro se plaintiff failed to respond to motion for summary judgment and did not point to any evidence showing that depression in asphalt/gravel parking lot was an unreasonably dangerous condition); *see also Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 163 (Tex.2007) ("We hold that, as a matter of law, the ramp at issue in this case did not pose an unreasonable risk of harm.").

■ Here, the Court has no evidence about the size, shape, or position of the display at issue. The Court has only Britton's unsworn allegations that the display was in a Home Depot store in Pearland, Texas, that it was "placed in an area which prevented patrons from passing as there was not sufficient space for passing," that Britton allegedly fractured her toe upon the display as she "attempted to pass [it] to enter into the area designated for checkout," and that there was no notice or warning of the display given to shoppers. These unsworn allegations are simply not enough to raise a genuine dispute as to whether the display posed an unreasonable risk of harm. A mere allegation that a condition caused an injury does not, without more, support a finding that the condition was actually unreasonably dangerous. *See, e.g., Martin v. Chick–Fil–A*, at *6 ("Martin has only shown that she tripped on the cement block and fell, and the mere happening of an accident is not evidence that there was an unreasonable risk of such an occurrence."); *Warren v. Carlson Restaurants, Inc.*, No. 05–14–01232–CV, 2015 WL 9590579, at *2 (Tex. App.—Dallas Dec. 30, 2015, no pet.) ("[T]he fact an accident happens is no evidence that there was an unreasonable risk of such an occurrence; because almost any activity involves some risk of harm.") (citing *Thoreson v. Thompson*, 431 S.W.2d 341, 344 (Tex.1968)); *Mangham v. YMCA of Austin, Texas–Hays Communities*, 408 S.W.3d 923, 927 (Tex.App.—Austin 2013, no pet.) (upholding summary judgment on premises liability claims because "Mangham's unsupported allegations of the step's defective condition fail to implicate an unreasonably dangerous condition.").

**2. Is there a genuine dispute as to whether Home Depot knew or should have known that the display was a condition that posed an unreasonable risk of harm?**

■ As the Dallas Court of Appeals has noted, "The threshold requirement for a premises liability claim is the existence of actual or constructive knowledge of a condition on the premises." *Gillespie v. Kroger Texas, L.P.*, 415 S.W.3d 589, 592 (Tex. App.—Dallas 2013, pet. denied) (citing *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex.1996)). "An owner/occupier cannot breach a duty that it does not owe, and it does not owe a duty to correct an alleged dangerous condition of which it is not aware." *Id.* Home Depot contends that there is no evidence raising a genuine dispute on this element of Britton's premises liability claim. Based upon the authorities cited above, the Court agrees.

## CONCLUSION

After considering Home Depot's motion for summary judgment, the lack of any response or evidence by Britton, and the pleadings filed in this case, the Court finds that there is no genuine dispute of material fact as to whether (1) the display at issue was a condition that posed an unreasonable risk of harm, and (2) Home Depot had actual or constructive knowledge of a

condition on its premises. Accordingly, the Court hereby **GRANTS** Home Depot's motion for summary judgment.