# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00201-CV

**Melissa Fontenette-Mitchell, Appellant**

**v.**

**Cinemark USA, Inc. d/b/a Discount Cinema 8, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY,
NO. 14-0971-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Melissa Fontenette-Mitchell appeals from the trial court's summary judgment in favor of Cinemark USA, Inc. d/b/a Discount Cinema 8 in this case arising out of a slip-and-fall incident. Fontenette-Mitchell sued Cinemark, asserting a cause of action for premises liability, and Cinemark filed a no-evidence summary judgment motion. Because we conclude that the trial court properly granted Cinemark's no-evidence summary judgment motion, we affirm.

## BACKGROUND

On the morning of July 3, 2012, Fontenette-Mitchell and her daughter went to see a movie at a theater owned and operated by Cinemark. As they approached the top row, where Fontenette-Mitchell's daughter wanted to sit, Fontenette-Mitchell slipped on what she alleges was a foreign, wet substance, injuring herself. Fontenette-Mitchell sued Cinemark asserting a cause of action for premises liability. Cinemark entered an answer and subsequently filed a

no-evidence motion for summary judgment, attaching as support excerpts from the depositions of Fontenette-Mitchell and Sharran Sukumaran, Cinemark's assistant manager. In Fontenette-Mitchell's response to Cinemark's motion for summary judgment, she asserted that there was more than a scintilla of evidence that Cinemark had constructive knowledge of the substance on the floor. To her response, Fontenette-Mitchell attached as evidence excerpts from the depositions of Fontenette-Mitchell and Sukumaran and Cinemark's incident report. Following a hearing, the trial court granted Cinemark's motion without stating the basis for its ruling. This appeal followed.

## STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Nathan v. Whittington*, 408 S.W.3d 870, 872 (Tex. 2013) (per curiam). When the trial court does not specify the grounds for granting the summary judgment, we must uphold the judgment if any of the grounds asserted in the motion and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). A movant seeking a no-evidence summary judgment must assert that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.— Houston [1st Dist.] 2009, pet. denied). Once the motion is filed, the burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When reviewing a no-evidence summary judgment, we view the evidence in the light most favorable

2

to the nonmovant, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310; *Mack Trucks*, 206 S.W.3d at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). A no-evidence motion should be granted "when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960))).

## DISCUSSION

In a single issue, Fontenette-Mitchell argues that the evidence raised a fact issue regarding whether Cinemark should have known of the dangerous condition on its property. In a premises liability action, the duty owed by a premises owner depends on the plaintiff's status. *Mangham v. YMCA of Austin, Tex.-Hays Cmtys.*, 408 S.W.3d 923, 927 (Tex. App.—Austin 2013, no pet.) (citing *Fort Brown Villas III Condo Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 883 (Tex. 2009) (per curiam)). A premises owner owes an invitee a duty to exercise ordinary care to protect her from dangerous conditions that were known or reasonably discoverable, but the owner is not the insurer of the invitee's safety. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). An invitee must show (1) actual or constructive knowledge of some condition on the premises by the owner/operator,

3

(2) the condition posed an unreasonable risk of harm, (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injury. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Mangham*, 408 S.W.3d at 927.

Cinemark's no-evidence motion for summary judgment challenged only the first element—whether the premises owner had actual or constructive knowledge of the dangerous condition. This notice element is satisfied by establishing that (1) the premises owner placed a substance on the floor, (2) the premises owner actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *Reece*, 81 S.W.3d at 814 (citing *Gonzalez*, 968 S.W.2d at 936; *Keetch*, 845 S.W.2d at 264). Fontenette-Mitchell does not argue that Cinemark created the dangerous condition or had actual knowledge that the foreign substance was on the floor at any time before Fontenette-Mitchell slipped.[1] Rather, she relies on the third prong of the *Keetch* test—that the dangerous condition had been present long enough for a reasonable premises owner to have discovered the condition.

In determining whether this prong has been met, courts analyze the combination of proximity, conspicuousness, and longevity of the dangerous condition. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567–68 (Tex. 2006) (per curiam) (citing *Reece*, 81 S.W.3d at 816). This

---

[1] The undisputed summary judgment evidence established that Cinemark did not have actual knowledge. Sukumaran testified that he inspects the theaters prior to the first showing each day and that he did not recall finding any liquids or foreign substances on the floor on the day Fontenette-Mitchell slipped. Further, the incident report makes no reference to any substance on the floor. Fontenette-Mitchell offered no evidence to the contrary.

"'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition" and requires evidence of the length of time the unreasonably dangerous condition existed prior to the injury-causing event.[2] *Reece*, 81 S.W.3d at 815–16. "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Id.* at 816. While proximity and conspicuousness may affect a factfinder's assessment of what constitutes a reasonable time for a premises owner to discover a dangerous condition, "there must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition." *Id.* Circumstantial evidence from which equally plausible but opposite inferences could be drawn is merely speculative and, therefore, legally insufficient to support a finding of constructive knowledge. *Gonzalez*, 968 S.W.2d at 936 (citing *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997)); *see also Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993) ("[W]e are not empowered to convert mere suspicion or surmise into some evidence.").

Here, there was no summary judgment evidence regarding the length of time the substance was on the floor. In fact, the only evidence that there even was a wet, foreign substance on the floor was Fontenette-Mitchell's testimony that she slipped on it. Fontenette-Mitchell argues

---

[2] This rule is based on the principle that it would be unjust to hold the premises owner liable for the carelessness of a person that the owner does not control unless he had a reasonable opportunity to know that the dangerous condition existed and is "firmly rooted in our jurisprudence." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815 (Tex. 2002) (citing *F.W. Woolworth Co. v. Goldston*, 155 S.W.2d 830, 832 (Tex. Civ. App.—Amarillo 1941, writ ref'd w.o.m.); *Lone Star Gas Co. v. Ballard*, 138 S.W.2d 633, 634–35 (Tex. Civ. App.—Fort Worth 1940, writ ref'd)).

that the spill could only have occurred at one of three times: (1) the prior business day, (2) between the prior evening's cleaning and Sukumaran's inspection prior to opening, or (3) between Sukumaran's inspection and Fontenette-Mitchell's fall. She argues that under the first two scenarios either the cleaning crew or Sukumaran should have discovered the substance. She further contends that under the third scenario, because Fontenette-Mitchell was attending the first showing of the day, the substance could have been placed on the floor only by a Cinemark employee or an unknown person who gained access to the theater before it opened. However, there is no evidence as to how much time passed between the cleaning of the theater and Sukumaran's inspection or between the inspection and Fontenette-Mitchell's fall. Nor was there any evidence as to who had access to the theater, when it was opened, or whether other patrons were in the theater prior to or at the time of the fall, and it is equally plausible that another patron caused the substance to be on the floor between the opening of the theater and Fontenette-Mitchell's arrival. Thus, these equally plausible but differing inferences based on circumstantial evidence are merely speculative and are legally insufficient to constitute competent summary judgment proof of how long the substance was on the floor. *See Gonzalez*, 968 S.W.2d at 936.

Fontenette-Mitchell presented no proof from which a factfinder could draw a reasonable inference as to how long the substance was on the floor. She did not see the substance until she slipped on it and had no personal knowledge of how long it had been there. There was no testimony from any witnesses who observed the substance. And, as noted above, Sukumaran did not recall seeing the substance during his inspection, nor was there any mention of it in the incident report. With no evidence as to the length of time the substance was on the floor, there is no basis

upon which a factfinder could assess the opportunity Cinemark had to discover and remove it.[3] *See*

*Reece*, 81 S.W.3d at 816 ("An employee's proximity to a hazard, with no evidence indicating how

long hazard was there, merely indicates that it was *possible* for the premises owner to discover the

condition, not that the premises owner reasonably *should* have discovered it."); *Gonzalez*,

968 S.W.2d at 937–38 (testimony that macaroni salad had "'a lot of dirt' and tracks through it" and

"seemed like it had been there awhile" was mere speculation and of no evidentiary value when

witnesses had not seen salad prior to fall and had no personal knowledge of how long it had been on

floor); *Coburn v. Toys "R" Us-Del., Inc.*, No. 01-09-00871-CV, 2011 Tex. App. LEXIS 816, at *15

---

[3] Fontenette-Mitchell also failed to produce any evidence of the proximity of the substance to Cinemark employees. The only evidence of the location of any of the employees was the testimony of Sukumaran. He testified that a cleaning crew cleans the theaters after they close for the day, that he inspected "every single row and every single theater" prior to the first showing on the day Fontenette-Mitchell slipped, and that he did not recall seeing any substance on the floor. Fontenette-Mitchell offered no evidence that any Cinemark employees were in close proximity to the substance after it was placed on the floor. Without evidence of proximity, Fontenette-Mitchell failed to established that Cinemark had an opportunity to discover the substance. *See Reece*, 81 S.W.3d at 816 (holding that employee's proximity to hazard, without evidence of how long hazard had been there, merely indicates it was possible for premises owner to discover hazard, not that premises owner reasonably should have discovered hazard); *Del Toro v. Pay & Save, Inc.*, 444 S.W.3d 293, 297 (Tex. App.—El Paso 2014, pet. denied) (affidavit that employee was "within mere feet of the puddle" alone was insufficient to create fact issue as to constructive knowledge).

Nor did she offer any evidence as to its conspicuousness. In her testimony, she did not describe the size, color, dimensions, or any physical characteristics of the substance. And there is no evidence as to whether the condition resulted from a spilled drink, a leak, a recently mopped floor or from some other source. Absent evidence of the conspicuousness of the wet substance, Fontenette-Mitchell failed to show that Cinemark should have discovered the substance. *See Board of Regents v. Steinbach*, No. 03-14-00326-CV, 2015 Tex. App. LEXIS 11995, at *18 (Tex. App.—Austin Nov. 24, 2015, no pet.) (mem. op.) (concluding that evidence was insufficient to create fact issue as to constructive notice where appellant was unable to see clear liquid on which she slipped); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71–72 (Tex. App.—Austin 1998, no pet.) (concluding that testimony that spill was "possibly obscured" and not "noticeable" and that claimant herself could not see spill was insufficient to create inference of constructive knowledge of its existence).

(Tex. App.—Houston [1st Dist.] Feb. 3, 2011, no pet.) (mem. op.) (plaintiff who presented no evidence as to how long puddle had been on floor failed to raise fact issue as to premises owner's constructive knowledge of dangerous condition); *Brookshire Bros., Ltd. v. Wilkes*, No. 09-04-00096-CV, 2004 Tex. App. LEXIS 10347, at *5–6 (Tex. App.—Beaumont Nov. 18, 2004, no pet.) (mem. op.) (witness's testimony that he had been at store café for twenty-five minutes and had seen no one spill eggs was evidence that eggs *could* have been on floor for twenty-five minutes, not that they *were* on floor that long, and did not establish store owner's constructive notice of hazard); *Cooper v. Brookshire Grocery Co.*, 551 S.W.2d 175, 176 (Tex. Civ. App.—Texarkana 1977, no writ) (plaintiff who slipped on strawberry but produced no evidence of how long hazard was on floor failed to show store owner's constructive notice of hazard). Because there was no evidence that would allow a factfinder to infer that the substance was on the floor long enough to charge Cinemark with notice of it, we conclude that Fontenette-Mitchell has not met her burden to present evidence raising a genuine issue of material fact that Cinemark had constructive knowledge of the hazard, and we overrule her issue. *See Reece*, 81 S.W.3d at 816.

**CONCLUSION**

Having overruled Fontenette-Mitchell's sole issue, we affirm the trial court's judgment.

8

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   November 16, 2016