**J. WEINGARTEN, INC., Appellant,**

v.

**Patsy Ruth RAZEY et vir, Appellees.**

No. 7799.

Court of Civil Appeals of Texas.

Texarkana.

April 18, 1967.

Rehearing Denied May 9, 1967.

Raybourne Thompson, Jr., Vinson, Elkins, Weems & Searls, Houston, for appellant.

W. C. "Bill" Shead, Freeman M. Bullock, Houston, for appellees.

CHADICK, Justice.

This is an action to recover damages for personal injury resulting from common law negligence. The judgment of the trial court awarding the plaintiff damages is affirmed.

■ Considered in the aspect most favorable to the verdict of the jury the evidence shows that potted flowers and shrubs were exposed for sale in a border along the concrete walkways and adjacent paved parking area leading to the entrances of a J. Weingarten, Inc., Store in Houston, Texas. The displayed plants were rooted in soil, many in metal buckets of one to three gallon capacity, others in wood and cardboard boxes, with some of the larger varieties having their roots balled and burlap wrapped. All plants were outside the store proper and divided into sections by 24 inch aisles, though they were not completely in the open as the store building roof overhung the sidewalk and was supported by columns along the walk's outer edge. The roof was of a height that permitted falling rain to be swept by air currents so as to fall upon the plants and their containers.

The stock of plants had been arranged and displayed as described for a period of two months prior to the time Mrs. Patsy Ruth Razey alighted from an automobile at the edge of the parking area and proceeded toward a store entrance, passing near one of the roof support columns and along an aisle separating the plants. There was a heavy downpour of rain, described in appellant's brief as a "blinding rainstorm" preceding and at about the time of Mrs. Razey's appearance at the store. Mrs. Razey fell in the aisle and was injured. A skim of mud and silt was observed by her husband on the surface of the walkway at the place she fell. No source of mud and silt in the vicinity except the plant containers is suggested by the evidence. Muddy water was oozing from among the plants and accumulating in the walkway.

The appellant's first three points of error are condensed in its brief to this statement:

"It is the Appellant's basic position that there is no competent evidence that Appellant had any notice of the condition which Appellees contend existed outside the Weingarten's store or its alleged cause, nor is there evidence that the condition existed for any period of time immediately preceding Appellee's fall so as to allow Appellant to discover and rectify the dangerous condition, if it actually existed. Therefore, as a matter of law, Appellees should be permitted no recovery."

Discussion here will be on the issues drawn by this proposition.

It is conceded that Mrs. Razey was an invitee on the premises. The critical fact for determination under the pleadings was whether or not in the exercise of reasonable care the store operator knew or should have known that under the circumstances mud and silt probably would be deposited on the walkways unless measures were taken to prevent it, such as removing the plants or cleaning the aisle as the muck accreted. The store operator was under the common law duty to foresee the probable consequences of its acts and omissions. Genell, Inc. v. Flynn, 163 Tex. 632, 358 S.W.2d 543 (1962); 40 Tex.Jur.2d Negligence § 10 (1962) and cases listed in footnote 4. By common knowledge the operator knew, or should have been aware, that during the two or more months the plants were displayed that rains would probably fall and wash over plants and containers, and that soil and silt laden rainwater would probably drain off, particularly from the balled and burlapped plants, and trickle into the display aisles. From the same source, common knowledge, the operator was aware that mire on a concrete walkway rendered footing on it uncertain and insecure.

■ The facts of this case do not present the situations appellant briefed, which are frequently found in reported slip and fall cases where the store operator had no notice of and could not have in the exercise of care reasonably anticipated a hazardous floor condition, or where there is no evidence that the hazardous condition existed for a period of time that would permit its discovery, correction, etc. Here the aisle condition was created by the operator's acts and omissions and is such that the operator in the exercise of ordinary care could reasonably foresee the probable result that would flow from the condition.

■ The special issue inquiring about damages permitted the jury to award recovery for future incapacity. The appellant's brief sketches its view of the testimony, emphasizes that there is no medical testimony of future disability and asserts the conclusion that " * * * there was no testimony in the record from which the jury could find Mrs. Razey would have any future incapacity, or disability because of her complaints." On examination of the statement of facts testimony is found that, in its most favorable aspect, shows Mrs. Razey's left knee started swelling two days after her fall, and shortly her hip began to give her pain. Soon she was not able to fully perform her household duties, and the pain in her hip and knee persisted. She consulted several medical practitioners but nothing prescribed and no treatment undertaken alleviated her condition. The accident occurred in April, 1964, and trial was in May, 1966. Her pain, impaired use of her knee and hip, weakness, etc., increased, rather than abated between the time of injury and trial date. There was testimony that her condition had not responded to any treatment in the two year period. The jury could reasonably conclude that her condition would continue indefinitely. The prospective effect of the injury is supported by this evidence; and if the jury gave it credit, as it well may have, an award of damages therefor was proper. 17 Tex.Jur. 2d Damages, § 249 (1960).

Appellant's four points are respectfully overruled and the judgment is affirmed.