Mary Lou COOPER, Appellant,

v.

BROOKSHIRE GROCERY COMPANY,
Appellee.

No. 8413.

Court of Civil Appeals of Texas,
Texarkana.

May 10, 1977.

Gary Beckworth, Jr.., Whitehead-Beckworth, Longview, for appellant.

Larry W. Starr, Kenley, Boyland, Hawthorn, Starr & Coghlan, Longview, for appellee.

CHADICK, Chief Justice.

This is a slip and fall case. Mrs. Mary Lou Cooper brought suit for personal injuries sustained when she fell in a store operated by Brookshire Grocery Company. A jury decided the special issues submitted but the trial judge disregarded the jury's findings on some issues and entered a take nothing judgment. Mrs. Cooper has appealed.

In response to the special issues submitted the jury found that strawberries on the floor of the Brookshire Store constituted a dangerous condition; that by exercise of reasonable care, the store operator should have known of such condition; that the operator failed to remove the dangerous condition; that such failure was negligence and the proximate cause of Mrs. Cooper's injury. The jury also found that Brookshire's method of selling strawberries created a dangerous condition and that the method used was negligent and the proximate cause of the occurrence. The jury absolved Mary Lou Cooper from negligence and found damages in the amount of $8,307.15. The jury's findings considered favorable to Brookshire were that Brookshire's failure to make a reasonable inspection was not a proximate cause of the occurrence; that Brookshire did not have actual knowledge of existence of the "dangerous condition;" and that failure of Brookshire to warn of the condition was not negligence.

The salient issue raised by Mrs. Cooper's first point of error is that the trial court erred in granting judgment notwithstanding the verdict of the jury on the special issues because the evidence was sufficient to support the jury's finding that Brookshire was negligent in failing to discover the dangerous condition created by strawberries scattered on the store floor.

To recover upon the basis postulated by the point of error would require evidence tending to prove that the strawberries had been on the floor for such length of time that the berries would have been discovered had Brookshire exercised ordinary care. *Sherwood v. Medical & Surgical Group, Inc.*, 334 S.W.2d 520 (Tex.Civ.App. Waco 1960, writ ref'd); *H. E. Butt Grocery Co. v. Johnson*, 226 S.W.2d 501 (Tex.Civ.App. San Antonio 1949, writ ref'd n.r.e.).

Mrs. Cooper testified she did not observe the condition of the floor before she fell and that immediately afterwards as a store employee came to her assistance she asked, "What did I fall on?" and he replied, "Strawberries." Neither Mrs. Cooper nor any other witness testified to the length of time the berries were on the floor before she slipped and fell. The evidence does not directly or circumstantially tend to prove the time the berries were on the floor or whether they were underfoot for such time that the store operator in the exercise of ordinary care would have discovered such condition. The point of error is overruled. *H. E. Butt Grocery Company v. Russell*, 391 S.W.2d 571 (Tex.Civ.App. Waco 1965, writ ref'd n. r. e.); *Kroger Company v. Benavides*, 486 S.W.2d 877 (Tex.Civ.App. Corpus Christi 1972, no writ); *Franklin v. Safeway Stores, Inc.*, 504 S.W.2d 514 (Tex.Civ.App. Dallas 1973, writ ref'd n. r. e.); *Furr's Supermarkets, Inc. v. Arellano*, 492 S.W.2d 727 (Tex.Civ.App. El Paso 1973, writ ref'd n. r. e.).

Mrs. Cooper's second point of error is that judgment notwithstanding the jury verdict on the special issues was error because sufficient evidence supported the jury's finding that the method of selling the strawberries created a dangerous condition. It is contended under this point that when the operating methods of a proprietor are such that dangerous conditions are continuous or easily foreseeable, actual or constructive notice to the proprietor of specific conditions need not be proven. In support of the proposition, *Jasko v. F. W. Woolworth Co.*, 177 Colo. 418, 494 P.2d 839 (1972), is cited, together with a number of cases from other foreign jurisdictions.

This Court had under consideration the operating methods of a proprietor in 1967 and reached a conclusion somewhat in harmony with the proposition advanced by Mrs. Cooper. On review, the Supreme Court reversed. See *J. Weingarten, Inc. v. Razey*, 414 S.W.2d 532 (Tex.Civ.App. Texarkana 1967), writ granted, 426 S.W.2d 538 (Tex.1968). Later, in *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752 (Tex. 1970), the court said,

". . . an owner or occupier of land can be charged with knowledge and appreciation of a dangerous condition on his premises only if from a reasonable inspection a reasonably prudent person should have foreseen a probability that the condition would result in injury to another. See Restatement (Second) of Torts, § 343(a) (1965)."

This rule is applicable in this appeal.

It is undisputed that Mrs. Cooper slipped upon berries lying on the floor. Mrs. Cooper testified that on a previous occasion she noticed a broken jar of syrup on the floor, that she had never seen employees clean the store and was of the opinion "they never keep the store up" and it "could be kept a lot better . . .." Another witness testified she was in the store ten minutes when Mrs. Cooper fell. She saw no one cleaning the store; that it was disorderly and unclean before and after Mrs. Cooper's injury; the strawberries on the floor at that time remained for several days. The witness said that the berry boxes had no lids and the boxes were full and "rounded across the top." A third witness testified that as a customer in the store prior to the Cooper mishap she had found potatoes on the floor, seen lettuce leaves thereon, and two weeks after the Cooper injury had been in the store twenty to thirty minutes in the afternoon and had seen no "mop, pail, bucket or broom" nor evidence of clean-up activity.

An expert in produce department operation, a former employee of the store, testified that stacking pint containers of straw-

berries "over one level high" would be hazardous, as the boxes fall over very easily and spill on the table and floor. The store's assistant produce manager testified the store was understaffed and another employee said the store had special problems because something was always falling off the racks and that the store now puts lids on the strawberry containers.

This being a judgment notwithstanding the jury verdict, the foregoing summary of the facts has been stated in the light most favorable to Mrs. Cooper. *Burt v. Lochausen,* 151 Tex. 289, 249 S.W.2d 194 (1952). However, the Cooper brief insists that testimony of the expert on produce department management with reference to "stacking" related to berries, not containers. The hypothetical question put to this witness inquired about display of "open package strawberries in pint containers." The question did not assume the containers were stacked one on top of the other. The expert's answer was "If they were stacked over one level high, they would be hazardous." He explained, as previously recited, that the spillage would occur when stacked at more than one level.

The evidence does not prove, as Mrs. Cooper would have it under *Jasko v. F. W. Woolworth Co.,* that the operational methods of the store were such that dangerous conditions were continuous or easily foreseeable. There is no evidence the berry containers were stacked one on another. The only evidence of the manner in which berries were displayed is that the boxes of berries, rounded over, were on the display shelf. However, when or how the berries causing the slip and fall reached the floor is not shown. Neither does the evidence raise the issue of foreseeability under *Seideneck v. Cal Bayreuther Associates,* that is, that the display presented an unreasonable risk of harm or probability of a harmful event occurring that a reasonable person would have foreseen.

All issues briefed have been carefully considered and reversible error is not found. It becomes the duty of this Court to affirm the trial court judgment. It is so ORDERED.