Whlimenia RICHARDSON, Appellant,

v.

WAL–MART STORES, INC., Appellee.

No. 06–97–00076–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 28, 1998.

Decided Feb. 12, 1998.

D'Juana J. Parks, Provost & Umphrey, Beaumont, for appellant.

J. Preston Wrotenbery, Magenheim, Bateman and Robinson, Houston, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

This is an appeal from a judgment notwithstanding the verdict. After the jury awarded Whlimenia Richardson $75,150.00 damages in her slip-and-fall/negligence cause of action, the trial court granted Wal–Mart Stores, Inc.'s motion for judgment notwithstanding the verdict. Richardson appeals and requests that we reinstate the jury's verdict. We affirm the judgment.

On September 25, 1994, while Richardson was in a Wal–Mart store, she slipped and fell on a puddle of Spray 'n Wash on the store's floor. She did not see the puddle before her fall. Afterwards, she spoke with the manager on duty, Robert Heidecker, and then continued to shop for awhile. Richardson later sued Wal–Mart, contending that it was negligent and that its negligence caused her fall.

At trial, there was no evidence that Wal–Mart created the spill, that any employee of Wal–Mart was told about the spill, or that the spill had been on the floor for any length of time. There was conflicting evidence about what kind of spill detection and cleaning procedures Wal–Mart had in effect on the day Richardson slipped and fell. At the close of Richardson's case in chief, Wal–Mart moved for a directed verdict, but the trial court denied the motion. The jury returned a verdict in favor of Richardson and awarded her a total of $75,150.00 damages.

Wal–Mart moved for judgment notwithstanding the verdict because there was no evidence of how long the Spray 'n Wash was on the floor. The trial court granted Wal–Mart's motion, and Richardson appeals.

The standard of review on an appeal from a judgment notwithstanding the verdict is that the appellate court should uphold the judgment only if no evidence supports the jury's verdict. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex.1990). This is the same standard that an appellate court uses in a "no evidence" claim. *Dowling v. NADW Mktg., Inc.*, 631 S.W.2d 726, 728 (Tex.1982); *Purina Mills, Inc. v. Odell*, 948 S.W.2d 927, 932 (Tex.App.—Texarkana 1997, writ denied); *Williams v. City of Midland*, 932 S.W.2d 679, 682 (Tex.App.—El Paso 1996, no writ). If more than a scintilla of evidence exists to support the jury's verdict, an appellate court must reverse the judgment notwithstanding the verdict. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d at 228. In determining whether more than a scintilla of evidence exists, we review only the evidence supporting the jury's verdict and disregard all evidence and inferences to the contrary. *Id.; Cruz v. Furniture Technicians of Houston, Inc.*, 949 S.W.2d 34, 36 (Tex.App.—San Antonio 1997, n.w.h.). Thus, we must consider the evidence and inferences as they tend to support the verdict and not with a view toward supporting the judgment. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d at 228. More than a scintilla of evidence exists if the record reveals some probative evidence to support the verdict, no matter how small. *Ellis County State Bank v. Keever*, 888 S.W.2d 790, 801 (Tex.1994). A trial court should not overturn the fact finder's ruling unless only one inference can be drawn from the evidence. *Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 461 (Tex. 1992); *Purina Mills, Inc. v. Odell*, 948 S.W.2d at 932. But a legal principle that prevents a party from prevailing on its claims may authorize a judgment notwithstanding the verdict. *Purina Mills, Inc. v. Odell*, 948 S.W.2d at 932; *Atlantic Richfield Co. v. Misty Products, Inc.*, 820 S.W.2d 414, 420–21 (Tex.App.—Houston [14th Dist.] 1991, writ denied).

An owner/operator's liability for injuries that result from an alleged dangerous condition on the premises depends on the scope of the defendant's duty of care toward the plaintiff, as well as a determination that the duty has been breached. *Thacker v. J.C. Penney* Co., 254 F.2d 672, 676 (5th Cir.1958). The relationship between the plaintiff and the owner/operator is a material factor in determining the degree of care required of the land owner. *Id.* The degree of care varies depending on whether the plaintiff was an invitee, a licensee, or a trespasser. *Motel 6 G. P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex.1996); *Buchholz v. Steitz*, 463 S.W.2d 451, 454 (Tex.Civ.App.—Dallas 1971, ref'd n.r.e.). The owner/operator of property owes the highest degree of care to an invitee. *Id.*

An invitee is a person who enters the premises of another in answer to an express or implied invitation of the owner/operator or for their mutual advantage. *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975); *Texas Power & Light Co. v. Holder*, 385 S.W.2d 873, 885 (Tex.Civ.App.—Tyler 1964), *writ ref'd n.r.e. per curiam*, 393 S.W.2d 821 (Tex.1965). It is undisputed that Richardson was a business invitee of Wal-Mart.

An owner/operator owes an invitee a duty to exercise ordinary care to protect him from risks of which the owner is actually aware, and also those risks of which the owner should be aware after reasonable inspection. *Motel 6 G. P., Inc. v. Lopez*, 929 S.W.2d at 3. For Richardson to recover, she must have pleaded and proven that Wal-Mart (1) had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that Wal-Mart did not exercise reasonable care to reduce or eliminate the risk; and (4) that Wal-Mart's failure to use such care proximately caused Richardson's injuries. *Motel 6 G. P., Inc. v. Lopez*, 929 S.W.2d at 3; *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex.1992).

A threshold requirement for a slip-and-fall claim is that the premises owner/operator had actual or constructive knowledge of the premises defect. *Motel 6 G. P., Inc. v. Lopez*, 929 S.W.2d at 3. An invitee must prove that the owner/operator either knew, or after reasonable inspection should have known, of an unreasonably dangerous condition before arguing that the owner/operator has breached a duty by failing to take any one of several precautions. *Id.*

In slip-and-fall cases, the courts have required that the actual or constructive knowledge requirement be met in one of three ways. *Keetch v. Kroger Co.*, 845 S.W.2d at 265. The invitee may prove: (1) that the owner/operator put the foreign substance on the floor; (2) that the owner/operator knew that it was on the floor and negligently failed to remove it; or (3) that the substance was on the floor so long that, in the exercise of ordinary care, it should have been discovered and removed. *Id.* Historically, a plaintiff could prove actual or constructive knowledge of the dangerous condition by showing only that the owner/operator created the dangerous condition. *Safeway Stores Inc. v. Bozeman*, 394 S.W.2d 532, 537 (Tex.Civ.App.—Tyler 1965, writ ref'd n.r.e.). In 1992, the Texas Supreme Court modified this rule. *See Keetch v. Kroger Co.*, 845 S.W.2d 262. The court held that if an owner/operator created a condition that posed an unreasonable risk of harm, that fact alone could authorize a jury to find an inference of knowledge, but such an inference cannot be made as a matter of law unless knowledge is uncontroverted.

Richardson has not claimed that Wal-Mart created the dangerous condition. There was no evidence elicited at trial that Wal-Mart created the spill or that someone told them of the spill. Thus, Richardson must rely on the third method of proving actual or constructive knowledge of the dangerous condition, which is that the dangerous condition had been present for a sufficient length of time that a reasonable owner/operator would have discovered the condition. *Keetch v. Kroger Co.*, 845 S.W.2d at 265; *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539 (Tex.1976). This rule is based on the principle that it would be unjust to hold the owner/operator liable for the carelessness of some person over whom he had no control, unless he had a reasonable opportunity to discover the dangerous condition. *Id.* In this case, there is no evidence of how long the Spray 'n Wash had been on the floor.[1] There is no evidence in the record, either direct or circumstantial, that would allow the jury to infer that the substance had been on the floor long enough to charge Wal-Mart with notice of it. Thus, the trial court did

---

1. Richardson was not required to prove exactly when the Spray 'n Wash was spilled on the floor. All she had to do was prove that it was there so long that it should have been discovered and removed. *Kroger Stores, Inc. v. Hernandez*, 549 S.W.2d 16, 17 (Tex.Civ.App.—Dallas 1977, no writ) (plaintiff's description that a vomited substance was "already dried where it looks like a cake" was sufficient); *Furr's, Inc. v. Bolton*, 333 S.W.2d 688, 690 (Tex.Civ.App.—El Paso 1960, no writ) (description of grape juice as having dried around the edges was sufficient).

not err in granting Wal–Mart's motion for judgment notwithstanding the verdict.

Richardson argues that she does not have the burden to go that far. She contends that constructive knowledge of a dangerous condition may be inferred if the owner/operator failed to have a reasonable inspection procedure. This argument confuses the "reasonable care" element of premises liability with the "constructive notice" element. Absent evidence of the length of time that the substance had been on the floor, there can be no inference that any increased level of inspecting or cleaning by Wal–Mart would have discovered and remedied the condition. *Joachimi v. City of Houston*, 712 S.W.2d 861, 863 (Tex.App.—Houston [1st Dist.] 1986, no writ).

We have addressed a very similar issue in another case. In *Cooper v. Brookshire Grocery Co.*, 551 S.W.2d 175, 176 (Tex.Civ. App.—Texarkana 1977, no writ), the plaintiff slipped on strawberries that were scattered on the floor. The trial court granted the defendant's motion for judgment notwithstanding the verdict. On appeal, we held that in order to recover on the basis that the defendant was negligent in failing to discover the strawberries, the plaintiff must show evidence tending to prove that the strawberries had been on the floor for such a length of time that the berries would have been discovered had the defendant exercised ordinary care. *Id.* at 175–76. Because neither the plaintiff nor any other witness testified to the length of time that the berries were on the floor before she slipped, the evidence did not directly or circumstantially tend to prove whether the defendant, in the exercise of ordinary case, would have discovered them. *Id.*

Because Richardson wholly failed to present any evidence about how long the substance had been on the floor, she failed to raise an issue on constructive notice, and a judgment notwithstanding the verdict was proper.

The judgment is affirmed.