

# NUMBER 13-15-00072-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JIMMIE DONNAN,                                                  **Appellant,**

**v.**

KIMCO REALTY CORPORATION
AND MAURICE REYNOLDS,                     **Appellees.**

## On appeal from the County Court at Law No. 2
## of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Jimmie Donnan appeals from a summary judgment granted in favor of appellees Kimco Realty Corporation (Kimco) and Maurice Reynolds on her premises liability and negligence claims. On appeal, Donnan raises two issues challenging the trial court's grant of summary judgment. We affirm.

## I. BACKGROUND

On November 5, 2012, Donnan tripped and fell while walking on a sidewalk outside of the Bed, Bath & Beyond store in the Island Gate Shopping Center in Corpus Christi, Texas. Donnan alleges that she tripped on a plumbing drain cap in the sidewalk that was raised approximately one-fourth to one-half an inch above the sidewalk. It is undisputed that Kimco controlled the premises as the management company for the shopping center and Maurice Reynolds was Kimco's property manager. Additionally, appellees did not dispute that the drain cap was slightly raised from the surrounding sidewalk. Donnan claims she sustained injuries as a result of the fall.

Donnan filed suit against Kimco, Reynolds, Bed, Bath & Beyond, Inc., and Elite Commercial Services, Inc.[1] Kimco and Reynolds jointly filed a traditional motion for summary judgment on Donnan's negligence claim, and later filed a no-evidence motion for summary judgment on her premises liability claim. In the no-evidence motion for summary judgment, Kimco and Reynolds asserted that Donnan failed to put forth any evidence that they had actual or constructive knowledge of the alleged defect. Donnan responded to both motions, and on November 17, 2014, the trial court signed an order granting appellees' motions for summary judgment. The trial court's order disposed of all parties and all claims and created a final and appealable judgment.

This appeal followed.

## II. WAIVER

As a preliminary issue, appellees assert that Donnan waived her second issue—challenging the trial court's grant of summary judgment on her negligence cause of

---

[1] Bed, Bath & Beyond, Inc. and Elite Commercial Services, Inc. are not parties to this appeal.

action—as a result of inadequate briefing. Donnan included the issue in the "Issues Presented" section, but wholly failed to brief the issue.

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). To adequately brief an argument, an appellant must cite to the record when making assertions of fact and must cite to legal authority when making assertions of law. *See id.*; *Ratsavong v. Menevilay,* 176 S.W.3d 661, 666 (Tex. App.—El Paso 2005, pet. denied). An appellant that fails to cite to the record or authority waives its arguments. *Ratsavong,* 176 S.W.3d at 666; *see also Sengal v. Hardeman,* No. 13-11-00659-CV, 2012 WL 5377901, at *1 (Tex. App.—Corpus Christi Nov. 1, 2012, no pet.) (mem. op.).

In her second issue, Donnan contends the trial court erred in ruling that appellees were "not negligent in their failure to provide a safe ingress and egress to Bed Bath & Beyond." However Donnan's briefing contains no argument or authority in support of her second issue that appellees were liable for an ongoing negligent activity, negligent hiring, supervision, or maintenance. The whole of Donnan's brief focuses on her first issue and whether or not she raised a fact question on whether appellees had actual or constructive knowledge of the alleged defect prior to the incident in question, an element of her premises liability claim. Because Donnan failed to cite to the record or to legal authority to support her issue challenging the trial court's grant of appellees' traditional motion for summary judgment on her negligence claim, she waived her second issue. *See* TEX. R. APP. P. 38.1(i); *Ratsavong,* 176 S.W.3d at 666; *see also Sengal,* 2012 WL 5377901, at *1.

3

### III. GRANT OF NO-EVIDENCE SUMMARY JUDGMENT ON PREMISES LIABILITY CLAIM

By her first issue, Donnan challenges the trial court's grant of Kimco and Reynolds's no-evidence summary judgment on her premises liability claim. Specifically, Donnan asserts that she put forth more than a scintilla of evidence that Kimco had actual or constructive knowledge of the defect and was therefore entitled to a trial on the merits.[2]

#### A. Standard of Review

We review a summary judgment de novo. *Knapp Med. Cntr. V. Grass,* 443 S.W.3d 182, 192 (Tex. App.—Corpus Christi 2013, pet. denied). We review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Rodriguez v. Sciano,* 16 S.W.3d 725, 726 (Tex. App.—San Antonio 2000, no pet.). When a party moves for summary judgment alleging the nonmovant lacks evidence to carry its burden of proof, the nonmovant must produce some evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Rodriguez,* 16 S.W.3d at 727. The nonmovant need not "marshal its proof", rather it need only point out evidence that raises a fact issue on the challenged elements. *See* TEX. R. CIV. P. 166a(i); *Rodriguez,* 725 S.W.3d at 727.

#### B. Applicable Law

An owner or occupier of land has a duty to use reasonable care to keep the premises in a safe condition. *Exxon Corp. v. Garza,* 981 S.W.2d 415, 420 (Tex. App.—San Antonio 1998, pet. denied) (citing *Redinger v. Living, Inc.,* 689 S.W.2d 415, 417 (Tex.

---

[2] Kimco and Reynolds's no-evidence motion for summary judgment challenged one element of Donnan's premises liability cause of action. Appellees asserted below that Donnan put forth no evidence that they knew or should have known of the alleged defect. Therefore, our review is limited to a determination of whether there was more than a scintilla of evidence that appellees knew or should have known about the alleged defect.

1985)).

> To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel v. Norman,* 441 S.W.3d 249, 251–52 (Tex. 2014); *see also Alarcon v. Bed, Bath & Beyond, Inc.,* No. 04-03-00551-CV, 2004 WL 1453465, at *1 (Tex. App.—San Antonio June 30, 2004, no pet.) (mem. op.) ("[A]s a rule, to prevail on a premises liability claim a plaintiff must prove that the defendant possessed—that is, owned, occupied, or controlled—the premise where the injury occurred.").

The existence of actual or constructive knowledge of a premises defect is a threshold requirement for a premises liability claim. *Motel 6 G.P., Inc. v. Lopez,* 929 S.W.2d 1, 3 (Tex. 1996). An invitee must show that a landowner either knew, or after reasonable inspection, should have known of an unreasonably dangerous condition before arguing that the landowner breached a duty by failing to take precautions. *Id.* at 3–4. The plaintiff's failure to meet the threshold burden of showing that the owner actually knew or through the exercise of reasonable care should have known of an unreasonably dangerous condition ends the inquiry. *See id.* at 4. A landowner "cannot breach a duty that it does not owe, and it does not owe a duty to correct a defect of which it is not, and should not be, aware." *See id.*

Actual or constructive knowledge of a premises defect may be established in one of three ways. The invitee may prove that (1) the owner created the dangerous condition; (2) the owner knew about the dangerous condition and negligently failed to

5

correct it; or (3) the dangerous condition had been present for so long that, in the exercise of ordinary care it should have been discovered and corrected. *See Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 165 (Tex. App.—Texarkana 1998, no pet.). "Thus, when an occupier has actual or constructive knowledge of any condition on the premises that poses an unreasonable risk of harm to invitees, he has a duty to take whatever action is reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risk from that condition." *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex. 1983).

In the absence of evidence of actual knowledge, the plaintiff must produce evidence that the defect existed for a period of time sufficient to establish that appellees should have known of the defect. *See Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 815 (Tex. 2002); *Richardson,* 963 S.W.2d at 165; *F.W. Woolworth Co. v. Goldston,* 155 S.W.2d 830, 832 (Tex. Civ. App.—Amarillo 1941, writ ref'd w.r.m.). This rule is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy the dangerous condition. *CMH Homes, Inc. v. Daenen,* 15 S.W.3d 97, 102 (Tex. 2000) (disapproving of "the court of appeals' refusal to apply the 'time-notice rule' simply because it might be impossible for the plaintiff to show actual or constructive knowledge").

### C.     Discussion

To defeat appellees' no-evidence motion for summary judgment on her premise defect claim, Donnan was required to present more than a scintilla of evidence before the trial court that appellees had actual or constructive knowledge of the alleged premises defect. Donnan's response to appellees' motion for summary judgment before the trial

court admitted that she had no evidence that appellees had actual knowledge of the alleged defect. *See Webb v. Lawson-Avila Const., Inc.,* 911 S.W.2d 457, 459 (Tex. App.—San Antonio 1995, writ dism'd) ("A court is limited to those grounds expressly set forth before the trial court . . . to determine whether or not the summary judgment was properly granted."). Therefore, we must determine whether Donnan produced more than a scintilla of evidence that appellees had constructive knowledge of the alleged defect.

To establish constructive knowledge, Donnan was required to produce some evidence that the raised drain cap existed long enough to establish that appellees should have known of the defect. *See Reece,* 81 S.W.3d at 815; *Richardson,* 963 S.W.2d at 165; *Goldston,* 155 S.W.2d at 832. However, Donnan's live pleading before the trial court stated the following: "From [Donnan's] perspective, it was unclear whether the unsafe condition was a condition that existed on the premises or had *recently* arisen from some sort of activity by the Defendants' on the premises." (emphasis added). Donnan's own pleading states that she herself cannot say how long the alleged defect existed on the premises.

Further, none of Donnan's summary judgment evidence pertains to the length of time the drain cap was allegedly raised. Donnan argues that the nature of the defect itself provides some evidence that it existed for a period of time; however, Donnan produced no evidence in support of that argument. Instead, Donnan argued that circumstantial evidence supported the inference that "the drain cap slowly worked its way free from its mooring over time" because appellees could not show the last time the drain pipe was accessed. We disagree with Donnan that the fact that the drain cap was raised one-half to one-fourth an inch creates an inference that it slowly worked itself free.

7

Donnan relies on *Cohen v. Landry's Inc.,* for the proposition that the nature of the defect is itself temporal evidence sufficient to establish that appellees should have known of the defect. *See* 442 S.W.3d 818, 828 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). However, in *Cohen,* the plaintiff "presented evidence that she tripped and fell over an uneven surface of the sidewalk that was caused *over time* by tree roots." *See id.* (emphasis added). The plaintiff in *Cohen* established that the defect occurred slowly over time because of the nature of the defect, i.e., the tree roots growing under the sidewalk. *See id.* Donnan has not put forth any evidence to show why or how the drain cap could have slowly raised itself over time. *Cohen* is inapplicable to this case. *See id.*

Because Donnan did not put forth any evidence to show that the raised drain cap had been present for so long that it should have been discovered and corrected in the exercise of ordinary care, she has not produced any evidence to support an essential element of her cause of action. *See Reece,* 81 S.W.3d at 815; *Richardson,* 963 S.W.2d at 165. The trial court did not err in granting appellees' no-evidence motion for summary judgment on Donnan's premises liability claim. We overrule Donnan's first issue on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 24th
day of September, 2015.

8