**Reversed and Rendered and Memorandum Opinion filed May 12, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00156-CV

---

### THE UNIVERSITY OF HOUSTON-DOWNTOWN, Appellant

### V.

### JOSE BRIONES, Appellee

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2019-41411**

---

### MEMORANDUM OPINION

In a single issue, appellant the University of Houston-Downtown (UHD), a governmental entity, asserts that the trial court erred in denying its plea to the jurisdiction on the basis appellee Jose Briones did not establish that UHD had actual or constructive knowledge of an alleged premises defect and therefore did not establish the subject-matter jurisdiction of the trial court. The issue in contention between the parties was whether UHD could be charged with constructive knowledge of spilled water on the floor of an academic building

because no employee of UHD's facilities department was working in the building on the day in question. We reverse the order of the trial court and render judgment dismissing Briones's suit for want of subject-matter jurisdiction.

## I. BACKGROUND

In September 2017, Briones was a student at UHD. One Saturday, he was walking across the fourth floor with his laptop in front of him when he slipped on water on the floor. Briones then got up and walked to another area of the building to report his fall and the water on the floor. Briones neither saw the water before his fall, nor does the record reflect there are any witnesses that could testify about the water. An incident report prepared by the UHD Police Department, which documented Briones's fall and complaint, stated that "[c]leaning services was cleaning spill area before paramedics left."

Briones sued UHD in 2019 asserting a premises-defect claim under the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(2), .022(a). UHD answered and filed a plea to the jurisdiction supported by jurisdictional evidence. After a hearing on UHD's plea to the jurisdiction, the trial court denied the plea. UHD now appeals this interlocutory order of the trial court *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (permitting appeal from interlocutory order granting or denying plea to jurisdiction).

## II. ANALYSIS

### A. Standard of review

We review a plea questioning the trial court's subject-matter jurisdiction de novo. *See Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004). We focus first on the plaintiff's petition to determine whether the facts that

were pleaded affirmatively demonstrate that subject-matter jurisdiction exists. *Id.* We construe the pleadings liberally in favor of the plaintiff. *Id.* If a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Id.* at 227 (citing *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000)).

When evidence is submitted that implicates the merits of the case, as is the case here, our standard of review generally mirrors the summary-judgment standard under Texas Rule of Civil Procedure 166a(c). *Miranda,* 133 S.W.3d. at 228; *see also* Tex. R. Civ. P. 166a(c). The burden is on the governmental unit to present evidence to support its plea. *Miranda,* 133 S.W.3d at 228. If the governmental unit meets this burden, the burden shifts to the plaintiff to show that a disputed material fact issue exists regarding jurisdiction. *Id.* We take as true all evidence that is favorable to the plaintiff and indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question will be resolved by the fact-finder. *Id.* at 227–28. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

## B.    Governmental immunity

Sovereign and governmental immunity are common-law concepts that generally protect the State and its political subdivisions from the burdens of litigation. *See Harris Cty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018). "Sovereign immunity protects the state and its various divisions, such as agencies and boards, from suit and liability, whereas governmental immunity provides similar protection

to the political subdivisions of the state, such as counties, cities, and school districts." *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)). UHD, a public university of higher education, is entitled to sovereign immunity. Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3) (governmental unit in TTCA); *see also* Tex. Educ. Code Ann. § 111.01–02; *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (unit of state government is immune from suit and liability unless state consents).

Sovereign immunity has two components: "immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit implicates a court's subject-matter jurisdiction to decide a claim against the State. *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019). When a governmental defendant challenges jurisdiction on immunity grounds, the plaintiff has the burden to "affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Whitley*, 104 S.W.3d at 542. Immunity is waived only by clear and unambiguous language. *See* Code Construction Act, Tex. Gov't Code Ann. § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language.").

## C.     Waiver of immunity under Texas Tort Claims Act

The TTCA provides a limited waiver of immunity for certain tort claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.025 (waiving sovereign immunity "to the extent of liability created by this chapter" and allowing person with claim under TTCA to sue governmental unit for damages). The TTCA permits suit against governmental units for personal injuries "caused by a condition or use of tangible

personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). Because premises defects arise from a condition on real property, liability for premises defects is implied under section 101.021(2) of the TTCA. *See id.* §§ 101.021(2), .022(a) (addressing duty owed for premises defects); *Sampson v. University of Tex. at Austin*, 500 S.W.3d 380, 385 (Tex. 2016).

Briones alleges that he was an invitee because he was a student at UHD, and UHD does not dispute Briones's invitee status. To establish liability, an invitee must prove: (1) a condition of the premises created an unreasonable risk of harm to the invitee; (2) the owner knew or reasonably should have known of the condition; (3) the owner failed to exercise ordinary care to protect the invitee from danger; and (4) the owner's failure was a proximate cause of injury to the invitee. *State Dep't of Highways & Pub. Transp. v. Payne,* 838 S.W.2d 235, 237 (Tex. 1992); *see also Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (noting that premises owner owes invitee "duty to exercise reasonable care to protect [invitee] from dangerous conditions" that are known or reasonably discoverable but that premises owner is "not an insurer of [invitee's] safety").

## D.    Constructive notice

A premises owner will be charged with constructive notice if "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Reece,* 81 S.W.3d at 814 (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). "[C]onstructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102–03 (Tex. 2000). "[C]onstructive knowledge [] can be established by facts or inferences that a

5

dangerous condition could develop over time." *City of Corsicana v. Stewart*, 249 S.W.3d 412, 415 (Tex. 2008). Our jurisprudence requires "proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice." *Reece*, 81 S.W.3d at 815. As explained by the supreme court, this so-called "time-notice rule" indicates whether an owner had a reasonable opportunity to discover and remedy a dangerous condition. *Id*. at 816. Otherwise, constructive knowledge would be imputed the instant a dangerous condition is created, whether or not there was a reasonable opportunity to discover it. *See id.* Here, other than Briones's speculation, there is no evidence in the record of how long the water had been on the ground and whether the water was on the ground long enough to give UHD a reasonable opportunity to discover it.

Briones argues that he met his burden of raising a fact issue on constructive knowledge because he alleged that UHD lacked "responsible staff for spill reporting and cleanup." He further asserts, without evidence or citation, that while UHD had employees, including professors, working in the academic building at the time of incident, those individuals had no duty to report or clean water spills. These arguments are directly contradicted by UHD's evidence in support of its plea to the jurisdiction including: (1) a time sheet for three individuals employed by an independent contractor who were working in the building on the day of the incident providing cleaning and janitorial services and (2) the incident report prepared by UHD police, which states that "cleaning services" were cleaning up the water before the paramedics attending to Briones left the building. To the extent that Briones alleges that a premises owner cannot delegate inspection or cleaning of the premises to an independent contractor, he offers no supporting authority. Briones also offers no responsive evidence raising a fact issue.[1]

---

[1] In his appellate brief, Briones cites to deposition of Stefany Records, director of UHD's

6

Regardless, the number of employees on its own, or lack thereof, assigned to inspect the area in which an allegedly dangerous condition is found is not evidence of whether a premises owner had a reasonable opportunity to discover and remedy a dangerous condition. *See Reece,* 81 S.W.3d at 816; *see also Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 166 (Tex. App.—Texarkana 1998, no pet.) (rejecting argument by plaintiff that constructive knowledge should be inferred if owner has inadequate inspection procedure); *cf. Wal-Mart Stores, Inc. v. Spates,* 186 S.W.3d 566, 567–68 (Tex. 2006) (evidence that employee was in close proximity to hazard legally insufficient to support finding of constructive notice without evidence of how or when it came to be on floor). Evidence of a lack of staffing may establish a breach of the duty of care; however, it is not evidence of the length of time the water was on the floor. *Motel 6 GP, Inc. v. Lopez*, 929 S.W.2d 1, 4 (Tex. 1996) (evidence of breach of duty irrelevant because owner "cannot breach a duty that it does not owe, and it does not owe a duty to correct a defect of which it is not, and should not be, aware"). Briones's argument that he satisfied the requirement, or alternatively was relieved of the requirement, to establish constructive notice because UHD would not have timely discovered the water on the ground due to lack of staff is not supported by fact or law. *See Reece,* 81 S.W.3d at 814.

Because we conclude that Briones has not met his burden to establish the subject-matter jurisdiction of the trial court, we sustain UHD's sole issue on

Administrative Operations and Compliance department, for the proposition that the proper UHD entity responsible for reporting and remedying water spilled on the ground was the facilities management department. However, Records's deposition testimony established only that reports of water on the ground would have gone to the facilities management department, and not her department. The excerpt from Records's deposition cited by Briones does not discuss the process or responsibility for removing water spilled on the premises. It also does not establish Briones's assumption that only employees of the facilities management department were responsible for inspecting and cleaning the building.

7

appeal.

### III.    CONCLUSION

Having sustained UHD's issue, we hold the trial court fundamentally erred in denying UHD's plea to the jurisdiction on Briones's claims against it. We reverse the order of the trial court and render the judgment the trial court should have rendered, a dismissal of Briones's claims for want of subject-matter jurisdiction. Tex. R. App. P. 43.2(c).

/s/    Charles A. Spain
Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

8