**Affirmed and Memorandum Opinion filed December 10, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00261-CV

---

### STARBRIGHT CAR WASH LLC, Appellant

### V.

### CITY OF BELTON, TEXAS, Appellee

---

**On Appeal from the 169th District Court
Bell County, Texas
Trial Court Cause No. 268,926-C**

---

## MEMORANDUM OPINION

Appellant Starbright Car Wash appeals the trial court's summary judgment rendered in favor of appellee, the City of Belton. In a single issue Starbright argues the trial court erred in denying its motion for summary judgment and granting the City's motion for summary judgment because Starbright had a constitutionally-protected property interest in the access allowed by the City's 2005 ordinance. Concluding that Starbright did not establish a constitutionally-protected property interest we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2005 the City of Belton passed City Ordinance No. 2005-26, which approved a developer's proposed change to a retail zoning district. The ordinance approved a planned-retail zoning district for a car wash and lube center. The ordinance contained the following paragraph:

> The temporary access point will be closed when the Sparta Road extension is constructed and the northern access point reconstructed as a right-in/right-out only drive. One access point to the Sparta Road extension, as shown on the "Preliminary Site Schematic", will be allowed.

The "preliminary site schematic" is reproduced below:



The extension of Sparta Road contemplated by the ordinance would have extended a public road (Sparta Road) through the two pieces of property to create the "private access driveway" as described in the preliminary site schematic. Five years later, on November 16, 2010, the City approved a revised plat that did not include an extension of Sparta Road between the HEB property and the proposed car wash site. The road between HEB and the proposed car wash site remained private property owned by HEB. The private access driveway that could have included access from the HEB parking lot directly to the car wash was eliminated from the revised plat approved in November 2010. Starbright purchased the proposed car wash site on December 30, 2010. On May 16, 2012, the plat was recorded without the extension of Sparta Road and the additional access point to the car wash site.

Starbright filed an inverse condemnation suit against the City in which Starbright alleged that its right of access from its property to Sparta Road under the 2005 ordinance was a vested constitutionally-protected property right under the Texas Constitution. Starbright alleged that it relied on the City's 2005 ordinance in which the City planned to extend Sparta Road through the two pieces of property with HEB on one side and the car wash site on the other side. Starbright further argued that the extension of Sparta Road would allow customers to access the car wash directly from the HEB parking lot. Starbright alleged that the City's approval of the revised plat constituted a taking of Starbright's protected right in access to its property from the HEB parking lot.

The City filed a no-evidence motion for summary judgment in which it alleged that Starbright could not prove that a constitutionally-protected right existed. Even if Starbright could prove a constitutionally-protected right, the City argued, absent evidence that all reasonable access was restricted, Starbright could not establish its

inverse condemnation claim as a matter of law. Specifically, the City alleged that (1) Starbright presented no evidence as to the existence of a vested right in lateral access to an adjacent property owner's private property; and (2) even if Starbright could establish a vested right in access, "absent evidence that all reasonable access was restricted" Starbright's inverse condemnation claim could not be established as a matter of law.

Starbright filed a motion for partial summary judgment in which it alleged that it had proved its vested property right as a matter of law. Starbright requested partial summary judgment on liability leaving only the issue of damages to be decided at trial.

After a non-evidentiary hearing the trial court granted the City's motion for summary judgment. Starbright appeals the trial court's judgment arguing the City's 2005 ordinance created a constitutionally-protected property interest in access from the extended Sparta Road.

**ANALYSIS**[1]

## I.     Standard of Review

We review a no-evidence summary judgment under a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003) ("A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary

---

[1] The Supreme Court of Texas ordered the Third Court of Appeals to transfer this case to this court. *See* Tex. Gov't Code § 73.001. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue.

judgment as we apply in reviewing a directed verdict."). A no-evidence summary judgment will be sustained when: "(a) there is a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of a vital fact." *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

The trial court granted the City's motion without stating the specific reasons for doing so. When the trial court does not specify the basis for a no-evidence summary judgment, the appealing party must show it is error to base it on any no-evidence ground asserted in the summary-judgment motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Mangham v. YMCA of Austin, Texas-Hays Communities*, 408 S.W.3d 923, 926–27 (Tex. App.—Austin 2013, no pet.).

## II.  Inverse Condemnation

The elements of an inverse-condemnation claim against a governmental entity under article I, section 17 of the Texas Constitution are (1) the governmental entity intentionally performed an act in the exercise of its lawful authority, (2) that resulted in the taking, damaging, or destruction of the claimant's property, (3) for public use. *State v. Hearts Bluff Game Ranch, Inc.*, 313 S.W.3d 479, 486 (Tex. App.—Austin 2010), *aff'd*, 381 S.W.3d 468 (Tex. 2012).

A restriction in the permissible uses of property or a diminution in its value, resulting from regulatory action, may or may not be a compensable taking. *Sheffield Dev. Co., Inc. v. City of Glenn Heights*, 140 S.W.3d 660, 670 (Tex. 2004). In applying the Texas constitutional provision in this case, we look to federal jurisprudence for guidance. *Id.* at 669.

The Supreme Court has identified, in its words, "at least two discrete categories of regulatory action as compensable without case-specific inquiry." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992). One is where regulation "compel[s] the property owner to suffer a physical 'invasion' of his property." *Id*. Another is "where regulation denies all economically beneficial or productive use of land." *Id.* at 1015–16; *see also Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 933 (Tex. 1998). To deprive an owner of all economically beneficial use of land is tantamount to depriving the owner of the land itself. *Sheffield*, 140 S.W.3d at 671. Such a taking is limited to the extraordinary circumstance when no productive or economically beneficial use of land is permitted and "the landowner is left with a token interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 330 (2002).

The question of whether a governmental regulation is proper or whether it constitutes a compensable taking is a question of law. *Hallco Texas, Inc. v. McMullen County*, 221 S.W.3d 50, 56 (Tex. 2006). In analyzing whether the City was entitled to summary judgment, "we take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor." *Provident Life & Acc. Ins. Co.*, 128 S.W.3d 211, 215–16 (Tex. 2003). In our analysis, we examine Starbright's factual allegations in light of the takings test and determine whether, if proved at trial, they would amount to a taking as a matter of law. If we determine that they would not, then summary judgment for the City was appropriate; if, however, we determine that they would, then we must remand the case for a determination of the disputed fact issues.

The basic test for a regulatory taking is whether the regulation "goes too far" in restricting the permissible uses of the property or in decreasing its value. *Sheffield*, 140 S.W.3d at 670. If the regulation denies the owner "all economically beneficial

or productive use of [the] land," leaving him with only "a token interest," or if the regulation results in a "physical invasion" of private property, then it may be considered a per se taking. *Id*.; *see also Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1016 (1992).

Our inquiry can be divided into two basic parts: first, whether the regulation constitutes a taking and, if so, what economic impact results from that taking. *City of Austin v. Travis County Landfill Co.*, 73 S.W.3d 234, 241 (Tex. 2002). The court cannot analyze the economic-impact prong without first answering the ultimate question of whether the regulation has substantially interfered with the landowner's use and enjoyment of the property. *Id*. To establish this a landowner must put forth specific evidence of a direct, immediate, and substantial impact that the regulation has had on the land, making it unusable for its intended purposes. *Id*. at 240. The landowner must "quantify the risks and the hazards or specifically describe how the [regulation] interfered" with the use and enjoyment of the land; "nonspecific allegations [that the regulation resulted in increased costs and risks on the land] are not enough to establish a taking." *Id*. at 243; *see also Cummins v. Travis Cty. Water Control & Improvement Dist. No. 17*, 175 S.W.3d 34, 54–55 (Tex. App.—Austin 2005, pet. denied).

Property owners do not have a constitutionally-protected vested right to use real property in any certain way, without restriction. *See City of Univ. Park v. Benners*, 485 S.W.2d 773, 778 (Tex. 1972) (holding "that property owners do not acquire a constitutionally-protected vested right in property uses once commenced or in zoning classifications once made"). A right is "vested" when it "has some definitive, rather than merely potential existence." *Vill. of Tiki Island v. Ronquille*, 463 S.W.3d 562, 586 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting *Tex. S. Univ. v. State St. Bank & Trust Co.*, 212 S.W.3d 893, 903 (Tex. App.—Houston

[1st Dist.] 2007, pet. denied)). A property owner has no vested right to use its property for a particular purpose. *Mr. W. Fireworks, Inc. v. Comal Cty.*, No. 03-06-00638-CV, 2010 WL 1253931, at *8 (Tex. App.—Austin Mar. 31, 2010, no pet.) (mem. op.).

Although a property owner may suffer a loss in the form of a diminished property value due to an adjacent road closure, such an injury does not amount to a compensable taking when the property owner retains reasonable access to a remaining adjacent road. *Archenhold Auto Supply Co. v. City of Waco*, 396 S.W.2d 111, 114 (Tex. 1965). Even when an entire access point is closed, access to a business is not materially and substantially impaired if another access point on a public street remains unaffected. *City of San Antonio v. TPLP Office Park Props.*, 218 S.W.3d 60, 66 (Tex. 2007). Diminution in the value of property due to diversion of traffic, diminished exposure to traffic, or altered accessibility to the roadway does not amount to a material and substantial impairment of access. *State v. Petropoulos*, 346 S.W.3d 525, 532 (Tex. 2011).

In this case it is undisputed that Starbright's property had access from Main Street after the revised plat was filed. The City's decision to not expand a public street to provide additional access to the property was not an unconstitutional taking. *See State v. Momin Props., Inc.*, 409 S.W.3d 1, 9 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (short of precluding access to property, diminished access is not a compensable taking).

Starbright argues that it purchased the subject property for development plans consistent with an HEB pad site. Starbright further argues that it took actions to consummate those plans, such as marketing the property, negotiating prospective sale and lease agreements, and communicating with the City in an attempt to confirm the necessary Sparta Road access.

As stated above, property owners do not acquire a constitutionally-protected vested right in zoning classifications once made. *Benners*, 486 S.W.2d at 778. The City retains its legislative authority to re-zone at any time as public necessity demands. *City of Pharr v. Tippitt*, 616 S.W.2d 173, 176 (Tex. 1981). Here, Starbright did not purchase the property until after the City decided not to extend Sparta Road. The existing and permitted uses of the property constitute the "primary expectation" of the landowner that is affected by regulation. *Mayhew*, 964 S.W.2d at 936; *Comunidad Balboa, LLC v. City of Nassau Bay*, 402 S.W.3d 479, 485 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). At the time Starbright obtained the property the City had already approved the plat that did not extend Sparta Road. Starbright has not established that, for purposes of this analysis, we should treat its reliance on the City's original plan to extend Sparta Road differently from any property owner's reliance on more conventional zoning classifications. Keeping this in mind, we conclude that the ordinances at issue here caused minimal interference with Starbright's use of the property.

The filing of the revised plat in this case did not constitute a taking. Starbright failed to establish a constitutionally-protected property right or an unconstitutional taking as a matter of law. Because an unconstitutional taking is an essential element of Starbright's inverse condemnation claim, the trial court did not err in granting the City's motion for summary judgment. *See Mangham*, 408 S.W.3d at 927.

## CONCLUSION

Because Starbright could not establish a taking as a matter of law, summary judgment for the City was appropriate. We overrule Starbright's issue on appeal and affirm the trial court's judgment.

9

/s/    Jerry Zimmerer
        Justice


Panel consists of Justices Wise, Zimmerer, and Spain.